HENRY S. GREAVES *et al.,* plaintiffs in error, *vs.* SAMUEL C. MIDDLEBROOKS, defendant in error.

1. A survey and plat of lands under the homestead laws, may be admitted in evidence, though not scaled according to rule 56 of the superior courts.
2. *Res adjudicata,* or former recovery, and all pleas in avoidance of plaintiff's cause of action, must be specially pleaded, and evidence of such former adjudication, is not admissible under the general issue, under Code, section 3458; even if the evidence had been admissible under the pleadings, still an action of trover to recover the property between the claimant of title thereto, and those in possession thereof, is not controlled by a judgment for the sureties on a constable's bond for a wrongful levy, though the defendants in trover purchased at the constable's sale. The trespass verdict in favor of the sureties may have turned on very different issues from the title to the property, and such verdict and judgment is not evidence in the trover case.
3. The verdict in this case is supported by evidence, and not against law.

Homestead. Survey. Pleadings. Judgments. New trial. Before Judge BARTLETT. Jones Superior Court. April Term, 1877.

Reported in the opinion.

C. P. CRAWFORD; HARDEMAN & JOHNSON, for plaintiffs in error.

LOFTON & BARTLETT, for defendant.

JACKSON, Judge.

Middlebrooks and family sued Greaves and others in trover for certain quantities of corn and fodder, to which they claimed title as raised on their homestead, regularly set apart. The defendants pleaded that they purchased the corn and fodder at a constable's sale, sold as the property of Ben Harris and another. The jury found seventy-five dollars for the plaintiff; defendants made a motion for a new trial, it was overruled, and defendants excepted.

The grounds insisted on here for a new trial are these: First, that the homestead papers, particularly the plat, was improperly admitted in evidence; secondly, that the trespass suit against the constable and sureties on bond, with verdict and judgment for sureties, after death of constable *pendente lite*, was rejected as evidence; and, thirdly, because the verdict was against the law and the testimony.

1. We think that the homestead papers were properly introduced in evidence. The only objection was, that the survey was not laid down by a scale of ten chains to the inch, under the 56th rule of court. We regard the rule as directory only, and if not complied with, we would not hold it such a defect as to vitiate the entire proceedings. Besides, that rule is applicable to surveys under orders, or rules of survey, in the superior court, and need not be followed by the ordinary in setting apart a homestead.

2. The judgment in the trespass case was properly rejected. No plea of *res adjudicata* was filed, which is necessary under our Code, section 3458. This plea is matter of avoidance, and must be specially pleaded under that section. If rightfully pleaded, it would hardly have availed. The judgment was for a trespass by the constable, and the verdict

and judgment were for the sureties only.    Besides, the question· here is title to corn and fodder; there, it was a wrongful levy.    The levy might have been rightful, though there was no title in the defendant in *fi. fa.*, and the officer and sureties protected by the necessary affidavit.    A plea of former recovery must be good on both sides—mutual—otherwise it is bad.

3. The verdict is supported by the evidence.    Middlebrooks swore that the corn was raised on his homestead, and taken from his crib by these parties.    Nor was it against law.    The Code, section 3075, allows the recovery for the highest amount against all trespassers, who acted jointly, and these seem to have done so, from the testimony.    Therefore, we affirm the judgment on all the points made.

Judgment affirmed.