THE MUTUAL BENEFIT BUILDING ASSOCIATION *v.* TANNER.

Where an equitable petition filed by a wife against a creditor of her husband, to enjoin the sale of certain land as his property under a power of sale contained in a deed of trust he had made to that creditor, alleged that in 1878 she made out a schedule of real and personal property claimed to be exempt under section 2040 of the code, which schedule embraced the land in question, but it did not appear therefrom either that the realty sought to be exempted was the property of the husband or that he had refused to make out and file the schedule, and there being in the petition no allegation that the husband had notice of the proceedings to obtain the exemption or that he acquiesced therein, the exemption, so far as this petition shows, was invalid both as to creditors and as to the husband and his privies in estate.

June 10, 1895.

Equitable petition. Before Judge LUMPKIN. Fulton superior court. September term, 1894.

To the petition of Hattie Tanner a demurrer was interposed, the grounds of which appear in the opinion. The demurrer was overruled. The petition alleges, that certain land described was set apart as an exemption under §2040 of the code, upon application of petitioner, her husband Ben Tanner refusing to apply for homestead and exemption, and such exemption was filed, approved and recorded in the office of the ordinary, October 7, 1878; a copy thereof being attached. Afterwards Ben Tanner made to the Mutual Benefit Building Association, to secure an indebtedness, a deed of trust, dated February 1, 1893. By virtue of a power of sale in this deed to the secretary of said association, he has advertised the property for sale at a date named. It is not subject to the payment of the debt of Ben Tanner, but remains for the use and benefit of petitioner and their minor children. She prays for injunction to prevent the sale. The paper attached was headed: "Schedule of real and personal property claimed to be exempt from levy and sale, by virtue of the new constitution, and

§2040 code of Georgia, and amendments thereto, by Hattie Tanner, wife of Ben Tanner, for the use and benefit of her family, consisting of her said husband and one minor child, Mary, about two years old." Then followed a description of the land at a valuation of $125, and a list of certain personalty valued at $150, and the signature, "Hattie Tanner." Also, the entry of filing, approving and record, October 7, 1878, signed by the ordinary.

JAMES H. GILBERT, for plaintiff in error.

JOHNSON & PLEDGER and THOMAS & THOMAS, *contra.*

SIMMONS, Chief Justice.

Under the facts disclosed by the record, the court erred in overruling the demurrer. The application for exemption attached as an exhibit to the petition of the plaintiff, does not show out of whose property the exemption was sought. It has been uniformly held by this court, that where the application is by the wife, it must show that the exemption is sought out of property belonging to the husband. The application is equally defective in not alleging that her husband refused to apply for the exemption, or that he acquiesced in her application, or that he had notice of the application. In the case of *Linch* v. *McIntyre*, 78 *Ga.* 209, upon which the judge below based his decision, although it appears that the application did not state that the husband refused to apply, it does appear that he had notice of the application and acquiesced therein. In the present case it does not appear that the husband had any notice or knowledge of the proceeding or that he afterwards acquired knowledge and acquiesced in her action. If her application for the exemption had alleged that it was her husband's property and that he refused to apply for the exemption, this would have been sufficient to put him upon notice that she was seeking an exemption out

of his property, and if he did not appear before the ordinary and make objection, his acquiescence would be presumed, as was held in *Blacker* v. *Dunlop*, 93 *Ga.* 819. A man ought to have some sort of notice before he is deprived of his property or of any right he may have therein.                                    *Judgment reversed.*