## MARCRUM *v.* WASHINGTON.

1. The act of the ordinary in receiving and recording a schedule of property sought to be set aside as a homestead, under the provisions of section 2866 et seq. of the Civil Code, is ministerial only, and the validity of

such exemption may be collaterally attacked in a court of competent jurisdiction in a case involving the right of a plaintiff in execution to subject the same to the satisfaction of his execution.

2. The affidavit required by section 2850 of the Civil Code, in order to authorize a seizure, under execution, of property set apart as a homestead, applies only to homesteads set apart under the provisions of section 2828 of the Civil Code, and not to property sought otherwise to be exempted.

Argued October 31, — Decided November 29, 1899.

Levy and claim. Before Judge Butt. Muscogee superior court. May term, 1899.

*J. H. Worrill, S. T. Pinkston,* and *Goetchius & Chappell,* for plaintiff. *Charlton E. Battle* and *A. A. Dozier,* contra.

LITTLE, J. W. E. Marcrum obtained a judgment against R. L. Washington for the principal sum of $137, at the January term, 1898, of the city court of Columbus, on which execution issued and was levied upon the south half of lot number ten in block thirty-nine in the city of Columbus. A claim was interposed by R. L. Washington as head of a family. It was shown that on the 10th of July, 1897, Washington filed a petition and schedule under section 2040 of the Code of 1892 (section 2866 of the Code of 1895). In his schedule was set out the south half of lot number ten in block thirty-nine in said city, and he prayed that the same, and the articles of personal property enumerated, might be set aside as a homestead exemption. The petition was sworn to, filed, and approved by the ordinary of Muscogee county on the 10th day of July, 1897. It appeared from the evidence that the consideration of the debt on which the judgment was founded was an open account. There had been a previous levy of this execution on the same lot in March, 1899, which was dismissed on the 20th of March, 1899. The plaintiff in fi. fa. told the sheriff he could not make the affidavit required by the code as a protection to a levying officer in seizing homestead property, but gave him an indemnifying bond, and the levy was made. When these facts were shown, the claimant moved to dismiss the levy, on the grounds, first, that the homestead exemption of personalty could not be attacked collaterally in the superior court, but that the schedule having been approved by the ordinary, that officer alone had

jurisdiction to try the question of the validity of the homestead; second, that no affidavit had been made by the plaintiff, as required by law, which authorized the sheriff to levy upon homestead property. After argument the court sustained the motion and dismissed the levy. The plaintiff in fi. fa. excepted.

1. The first question which arises for our determination is, whether an exemption authorized to be made under section 2866 of the Civil Code can be collaterally attacked under proceedings to make the property named in the schedule subject to a judgment against the owner of the property. It is contended by the defendant, that the court of ordinary being a court of record and having exclusive and original jurisdiction in granting homesteads, its judgment can not be attacked collaterally; and the case of *Dunagan* v. *Stadler*, 101 Ga. 474, is cited as authority to sustain this contention. It must be noted, however, that there are two classes of exemptions allowed under the laws of this State, and that the manner in which they may be set aside is essentially different. Under section 2828 of the Civil Code, a person seeking the benefit of the exemption of real and personal property of the value of a sum not exceeding sixteen hundred dollars, to be regularly set aside, must apply by petition to the ordinary of the county where he resides, or where the minor beneficiaries reside. The petition must on its face make a case authorizing a homestead to be set apart. This petition must be accompanied by a schedule containing a minute and accurate description of the real and personal property sought to be exempted. When the application has been made and the schedule filed, notice in a prescribed manner is given to each of the creditors of the applicant or owner of the property, of the time of the hearing of the same. Any creditor interested has the right to appear and object to the schedule for want of fullness, or for fraud of any kind, or to dispute the valuation of the personalty as made by the applicant, or the value of the premises platted as the homestead. When such an issue is raised, it is the duty of the ordinary to hear evidence in relation to the same and to judicially pass upon that issue, and from his decision a right of appeal to the superior court is given. So that, in all respects, the granting and setting apart

of a homestead under this provision of the code is a judicial proceeding; and it was accordingly held in the case cited, that in so passing on the application, schedule, and objections made thereto, the ordinary constituted a court, and his judgments were entitled not only to the force and effect to which judgments of courts of original jurisdiction were entitled, but also to the same incidents, one of which is that such judgment can not be set aside in a collateral proceeding.

By section 2866 of the Civil Code, provision is made for setting apart another and a different character of homestead, which is colloquially termed the "pony homestead." In having an exemption made under this provision of the law, it is only necessary that the party seeking the same shall make out a schedule of the property claimed to be exempt. No application is required, nor is it necessary that there shall be any publication of the filing of such schedule, nor any notice to creditors. This schedule is required by the act to be recorded by the ordinary. One of the items which may be exempted in this manner is real estate, in a city, not exceeding $500 in value; but in order to exempt it, it must on the application of the debtor be platted by the county surveyor and returned to the ordinary. If a creditor disputes the propriety of the survey or the value of the improvements, it becomes the duty of the ordinary, on the application of any creditor, to appoint appraisers to value such real estate. In *Banks* v. *McLeod*, 63 *Ga.* 162, it was ruled that the appointment of appraisers in such a case is but preliminary to judicial action. In this case it does not appear that appraisers were appointed to value the real estate described in the schedule. In *Davis* v. *Lumpkin*, 106 *Ga.* 585, it was said in the opinion that in recording the schedule of property and the plat of the realty the duties of the ordinary were purely clerical. Such proceedings bear no resemblance to a suit. No provision is made for hearing and determining in a judicial way the merits of the case — no notice of any hearing in relation thereto is prescribed — no judgment is required, and no discretion is invoked to determine any right. It is obvious, therefore, that the proceedings designated by the statute to be held can not have the effect of a judgment

of a court. If they do not, no presumption which arises in favor of the judgments of a court of competent jurisdiction can attach. Because of the difference between the method prescribed for setting aside property as a homestead under section 2827 of the Civil Code, and that which we are now considering, must the former be held to be a judicial investigation, and the latter merely the act of a ministerial officer. The former is only granted after notice with due opportunity of objection by any one interested, before a tribunal which passes on questions raised, and determines the merits of the case, with the right of appeal to a jury. The latter gets vitality because of the record of the schedule prepared by the applicant, which follows its presentation as a matter of law, and seems to amount to no more than a claim that the property is exempt under the statute because of certain conditions which attach to the applicant. It is true that section 2872 declares that any officer knowingly levying on or selling any of such property shall be guilty of a trespass, that is to say, a levying officer when he seizes such property does so at his peril; but it never could have been intended that mere preparation of a schedule and filing the same should conclusively determine the value of the property named and the right of the applicant to have it set apart. If such property is not exempt under the law, or the applicant is not included in the class of persons to whom the law gives the right of exemption, then, notwithstanding a schedule which contains it has been filed and recorded by the ordinary, that act can not make it exempt; and we know of no other way of testing the legality of an exemption of this character than by having the same seized under execution and the question as to whether it is or is not exempt enquired into and determined; and while the levying officer may not arbitrarily seize the same, yet, if he takes the risk and does so, and for any reason it shall be finally determined that the property is not legally exempt, no penalty attaches to him, because as a matter of law the property is not homestead property and is therefore not exempt.

2. It was sought to dismiss the levy because no affidavit had been made by plaintiff in fi. fa., as required by law, to author-

ize a sheriff to levy upon homestead property. By the consti-
tution of this State, art. 9, sec. 2, par. 1, which provides for an
exemption of property of the aggregate value of sixteen hun-
dred dollars to the persons named therein, it is declared that
such homestead exemption when set apart is not valid as
against a judgment or decree for the purchase-money of the
same, for taxes, for labor done thereon, for material furnished
therefor, or for the removal of incumbrances thereon; and
by section 2850 of the Civil Code it is prescribed that when a
plaintiff in execution is seeking to proceed against the property
set apart, on the ground that his debt falls within some one of
the classes named, it shall be lawful for the plaintiff, his agent
or attorney, to make affidavit that the debt on which his exe-
cution is founded is one from which the homestead is not ex-
empt, which being done, the levying officer is authorized to
proceed to levy and sell such property. It is apparent that this
affidavit is not required to be made in order to effect a valid
levy on property set apart under the short homestead. The
object of filing the affidavit is not to enquire as to the right
to have the property set aside, nor to determine its value.
Both are admitted. But the office of the affidavit is to deter-
mine the question whether the property which has been duly
set aside as a homestead is exempt from the debt sought to be
enforced, because it falls within one of the classes from which
the homestead property is not exempt from levy and sale by
the constitution. It is admitted in this case that the execution
sought to be enforced issued from a judgment founded on a
debt due by open account. It was not for purchase-money,
nor taxes, nor for labor done on the homestead, nor for mate-
rial furnished, nor for the removal of incumbrances thereon;
and, besides being untrue, the affidavit would have been entirely
inapplicable in a case such as we are now considering. Its in-
terposition could have added nothing to the validity of the levy
here. Inasmuch as the act of setting apart the homestead
claimed was ministerial and not judicial, and for the reasons
given no affidavit was necessary to authorize the levy of an
execution, the court erred in dismissing the levy; and the
judgment is          *Reversed. All the Justices concurring.*