## HIRSCH BROTHERS & COMPANY *v.* STINSON.

COBB, J.   1. It is essential to the validity of a schedule filed by the wife for the purpose of having the property of the husband set apart as exempt, under the provisions of section 2866 et sequitur of the Civil Code, that it shall affirmatively appear in the schedule that the husband refused to file the same; and if this fact does not so appear, the schedule, though recorded, is void, and may be collaterally attacked in any court of competent jurisdiction in which the creditors of the husband are seeking to subject the property embraced in the schedule to the payment of his debts. *Mutual Benefit Association* v. *Tanner,* 96 *Ga.* 338; *Davis* v. *Lumpkin,* 106 *Ga.* 582; *Marcrum* v. *Washington,* 109 *Ga.* 296.

2. Applying the law as stated in the preceding note to the facts of the present case, the court erred in directing a verdict finding the property not subject to the execution.      *Judgment reversed. All the Justices concurring.*

Argued November 9, — Decided November 29, 1900.

Affidavit for levy.   Before Judge Hart.   Laurens superior court. July term, 1900.

*Griner & Baldwin* and *James K. Hines*, for plaintiffs.
*Howard & Armistead*, for defendant.