*John M. Stubbs* and *Akerman & Akerman*, contra.

––––––––––

BATSON *et al.* v. BENFORD.

SIMMONS, C. J. 1. Where a married woman applies for a homestead out of her husband's property, under the Civil Code, § 2866, and the application or schedule does not affirmatively show that the husband has refused to make the application, the homestead so recorded is void (*Hirsch* v. *Stinson*, 112 *Ga.* 348, and cit.), and is therefore inadmissible in evidence as a muniment of title.

2. An order of a judge of the superior court authorizing the sale of such property as a homestead is likewise inadmissible for the same reason.

3. Where such land is sold and other land bought in an adjoining county and the deed taken in the name of the wife, who subsequently borrows money and gives a mortgage on the land so purchased, and such land is sold under foreclosure proceedings and bought by a purchaser without notice of the alleged

homestead or the rights of the husband, the purchaser remaining in posses-sion for eleven years, the children of the husband and wife can not recover this land either as beneficiaries of the homestead or as heirs at law of their father.　　　　　　　　*Judgment affirmed. All the Justices concur.*

Submitted November 28, — Decided December 12, 1903.

Complaint for land.　Before Judge Lewis.　Baldwin superior court.　July 13, 1903.

*Hines & Vinson*, for plaintiffs.　*Allen & Pottle*, for defendant.