## STINSON *v.* HIRSCH BROTHERS & COMPANY.

1. When a mortgagee places in the hands of a levying officer a mortgage fi. fa. and an affidavit that the debt upon which the execution is founded is one from which a homestead is not exempt, and the mortgage fi. fa. is levied, and the wife of the defendant in fi. fa., in order to stop the sale, files with the levying officer a counter-affidavit denying the truth of the plaintiff's affidavit, and claiming the property as having been set apart to her as a homestead, she is estopped from questioning the sufficiency of the entry of levy.
2. If there has been a failure on the part of an applicant for an exemption of personalty under the Civil Code, § 2866, to comply with the law under which the exemption is sought to be made, the recording of the exemption claimed is a mere nullity and can not be amended.

Submitted February 22,—Decided March 28, 1906.

Levy and claim. Before Judge Lewis. Laurens superior court. January 25, 1905.

Citations as to estoppel: *Ga. R.* 54/296; 59/849; 65/644; 84/124; 108/791; 115/666.

*W. E. Armistead,* for plaintiff in error.

*Griner & Adams* and *James K. Hines,* contra.

EVANS, J. Hirsch Brothers & Company foreclosed a mortgage on personalty, executed to them by C. B. Stinson. At the time of the foreclosure the mortgagees filed with the sheriff an affidavit that the debt upon which the execution was founded was one from which a homestead is not exempt, and that the mortgagee had no sufficient property upon which the fi. fa. could be levied, except the homestead property. When the mortgage fi. fa. and this affidavit were placed in the hands of the sheriff, he levied on certain property, including "100 bushels of corn, more or less, in the crib," and

Mrs. M. A. L. C. Stinson, the wife of the defendant in fi. fa., filed with the levying officer a counter-affidavit denying the truth of the plaintiffs' affidavit. The execution and these affidavits were returned to the superior court, and the issue thus formed was tried and a verdict directed in favor of the plaintiffs. Mrs. Stinson sued out a bill of exceptions complaining of the direction of the verdict against her, and of certain rulings made by the court pending the trial.

1. The plaintiffs tendered in evidence the mortgage fi. fa., with the entry of levy on certain cotton and the "100 bushels of corn, more or less, in the crib," levied on as the property of the defendant in fi. fa. Counsel for Mrs. Stinson objected to the admission in evidence of the levy, and moved the court to dismiss the levy, because it was void for want of sufficient description of the property levied on, the description being too vague and indefinite to identify the property, and failing to state in whose possession it was found, or where located, or whether it was any part of the property described in the mortgage execution. The court overruled these objections to the levy. It appears that of the property levied on only the corn was embraced in the homestead exemption relied on by Mrs. Stinson. A levy on personalty is made by an actual seizure of the property, and when Mrs. Stinson in her counter-affidavit alleged that the property was levied on, she thereby admitted an actual seizure of it by the levying officer. It has been held in a claim case that the interposition of a claim commits the claimant to the fact of the making of a levy, but not to the legality of the process under which it was made. *Pearce* v. *Renfroe, 68 Ga.* 194; *Osborne* v. *Rice,* 107 *Ga.* 283, and cit. The issue made by the affidavit and counter-affidavit filed in a case such as the present is whether the property levied on is subject to the execution of the plaintiff. It is not until a legal levy has been made that a counter-affidavit can properly be filed; hence the filing of the counter-affidavits admits the seizure of the property under the levy, and the claimant must be held to have waived any irregularity or informality in the execution of the process, and to be estopped from questioning the sufficiency of the entry of levy made by the officer.

2. The claimant who interposed the counter-affidavit in this case complains that the court erred in rejecting from evidence the following homestead exemption, as amended, upon which she relied:

"State of Georgia, Laurens County. To the Ordinary of said County. The following is the schedule of the property of C. B. Stinson, who is the head of a family consisting of himself, his wife, M. A. L. C. Stinson, and seven minor children [naming them], claimed to be exempt from levy and sale for the use and benefit of said wife and family under section 2866 of the Code of Georgia, and following sections. [Here appears the schedule of personal property, including, under the item of provisions, 125 bushels of corn.] Personally appeared M. A. L. C. Stinson, the applicant for exemption above set out, who on oath says that the same is a true and a correct schedule of the property which is claimed to be exempt to deponent and family under section 2866 of the code and following sections, which deponent prays may be recorded as provided by law. [Signed] M. A. L. C. Stinson. [Then appears the attest of the ordinary, his approval and order to record, dated November 28, 1898, together with the following amendment, sworn to on January 10, 1901, and approved and ordered to record by the ordinary on January 11.] "And now comes the applicant for homestead, M. A. L. C. Stinson, and by permission of the court amends her petition for homestead, which was filed by her in said court of ordinary on the 28th day of November, 1898, and approved and recorded on the same date, by adding to said petition, immediately after the words 'and following sections' in the last line of petition, preceding the enumeration of articles claimed as exempt, the following words: 'and that the said C. B. Stinson refused and still refuses to file the same. [Signed] M. A. L. C. Stinson.'" The validity of this exemption, as originally filed and before the amendment thereto, was under review at the October term, 1900, of this court, and it was then held that the exemption was void, because it did not affirmatively appear in the schedule that the husband of the applicant had refused to apply for an exemption. See 112 *Ga.* 348. After this adjudication and before another trial in the court below, Mrs. Stinson sought to amend this void exemption, by inserting into the schedule a recital to the effect that her husband had declined to file the same.

The act of the ordinary in receiving and recording a schedule of property sought to be exempted under the provisions of the Civil Code, §§ 2866 et seq., is ministerial only. *Marcrum v. Washington,* 109 *Ga.* 296. The scheme of the law with reference to the

recording of a schedule of property thus sought to be exempted by the head of a family (or by his wife, if he refuses to claim the exemption) is that the applicant, by merely filing a schedule of the property subject to exemption, shall in this way select and designate the specific property claimed to be exempt from levy and sale. If the head of the family has other property, it is thereby segregated from that to which the applicant wishes the exemption to apply, and creditors and all others concerned are put on notice of the election made by the applicant. If there has been a failure on the part of the applicant to comply with the law under which the exemption is sought to be made, then the recording of the exemption claimed is a mere nullity. *Marcrum* v. *Washington,* supra. As pointed out in that case, the approval of the ordinary is in no sense the judgment of a court; for the filing, approval, and recording of the schedule is not a proceeding before the court of ordinary. So, if the effort to comply with the law relating to the assertion of a claim to such an exemption is so ineffectual as to amount to nothing, the claim of exemption is a mere nullity and can not be given life by an amendment supplying any fatal omission in the schedule. The test is, not what the applicant intended to do, but what he actually accomplished; and if he failed to assert his claim of exemption in the manner pointed out in the Civil Code, §2866 et seq., then he must commence again at the point from which he started, and present another and entirely distinct schedule, for nothing can be cured or accomplished by way of amendment.

What has been above said in no way conflicts with the decision rendered in the case of *Hardin* v. *McCord,* 72 *Ga.* 239, where an amendment was allowed in a proceeding before the court of ordinary to set apart a homestead under the constitution of 1868, and it was held that the court had power to pass on the amendment and allow it even after a judgment approving the homestead had been rendered. A "constitutional homestead" can only be obtained in a regular proceeding instituted in the court of ordinary after due notice to creditors, and the order of the ordinary approving the setting apart of the homestead is a judgment of a court of competent jurisdiction and can not be collaterally attacked by any one affected by legal notice of the proceeding. *Marcrum* v. *Washington,* 109 *Ga.* 298-299. There is no provision of law for amending a claim of exemption asserted by filing a schedule of property subject to

exemption under the terms of the Civil Code, §2866 et seq., author-
izing the setting apart of what is commonly known as a "short" or
"pony" homestead.   If there be a failure to comply in the first
instance with the statutory requirements imposed upon the appli-
cant for the exemption, his attempt to obtain it must prove entirely
fruitless.   It would be an anomaly to hold in the present case that,
after a final adjudication by this court that the schedule originally
filed by Mrs. Stinson was a nullity, she was at liberty to practically
annul this judgment and defeat the rights of the plaintiffs there-
under by simply going before the ordinary and procuring his ap-
proval and allowance of an amendment to the schedule designed to
cure the fatal omission which rendered it absolutely void and of
no effect.

   3. As the claimant of the property levied on utterly failed to
established her contention that it was exempt from seizure and sale,
the direction of a verdict in favor of the plaintiffs, who made out a
prima facie case, was eminently proper.

                    *Judgment affirmed.   All the Justices concur.*