## EPLAN *v.* WHEAT.

HOLDEN, J.   Where there is a valid pledge of property, the pledgee has a special property in the thing pledged for the purposes of the bailment. Civil Code, §§ 2956, 2960.

(a) Where property is thus bona fide pledged to secure a loan of $125, and the pledgee afterwards returns it to the pledgor to sell for the former, taking from the pledgor at the time a receipt as follows:  "Received of John B. Wheat [the pledgee] one (1) diamond ring in trust, which I agree to return on August 5, 1907, or pay one hundred twenty-five ($125.00) in cash," and subsequently to the date named in the receipt the pledgor refuses, after demand, to return the property named in the receipt, or to pay the amount therein stated, the pledgee may maintain an action of trover for such property against the pledgor, who has not sold the property and who has it in his possession at the time of such demand.  *Henry* v. *State,* 110 *Ga.* 750 (36 S. E. 55, 78 Am. St. R. 137) ; *Citizens Banking Co.* v. *Peacock,* 103 *Ga.* 171 (29 S. E.

752); Denis on Contracts of Pledge, §§ 127, et seq.; Jones on Pledges and Collateral Securities (2d ed.), §§ 40, 43, 44, 45; 31 Cyc. 818, 819.

(b) Upon the trial of such case it was not error to refuse to permit the defendant to prove by the plaintiff's counsel what the latter "learned from the sheriff about the sheriff taking bond, giving up the bond and accepting the ring from defendant, and later at the sheriff's request taking back the ring and making a new bond." Such testimony was at least subject to the objection of being hearsay.

(c) The verdict being for $125 and interest, the court committed no error in refusing a new trial upon the plaintiff writing off the amount of interest, the evidence showing that the defendant admitted the article pledged and sued for to be of the value of the principal sum found.

            *Judgment affirmed. All the Justices concur.*

            MAY 11, 1910.

Trover. Before Judge Ellis. Fulton superior court. July 1, 1909.

*Morris Macks*, for plaintiff in error.

*E. D. Thomas* and *Anderson, Felder, Rountree & Wilson*, contra.