HUGHES *et al. v.* PURCELL *et al.*

ATKINSON, J. 1. Where a husband, being the head of a family consisting of his wife and minor children, abandoned them, and *refused* to make application to have a homestead set apart out of his land and personal property under the provisions of the Civil Code, § 2866, it was competent for the wife to make such application, where she unequivocally alleged that the husband had refused to make the application. Civil Code, § 2842; *Hirsch* v. *Stinson,* 112 *Ga.* 348 (37 S. E. 365).

(a) It would not suffice to allege merely that the husband "neglected or refused." *Davis* v. *Lumpkin,* 106 *Ga.* 582 (32 S. E. 626).

2. Where, upon appropriate application by the wife, land was laid off by the county surveyor and platted, and the plat was duly returned, filed, and recorded by the ordinary, the family became beneficiaries of the homestead and entitled to possession of the land. Civil Code, § 2874; *Gresham* v. *Johnson,* 70 *Ga.* 631.

(a) The term "family," as thus employed, contemplates children born afterwards to the husband and wife as well as those in esse and designated in the homestead proceedings. In this connection see *Hilliard* v. *Hilliard,* ante, 168 (68 S. E. 1110).

3. In a suit to recover possession of land from which the beneficiaries of a homestead exemption had been unlawfully evicted, ordinarily the husband would be a proper party; but if the husband be dead, and the exemption has ceased to exist as to the children in existence at the time the property was set apart, by reason of death, marriage, or attainment of majority, but has not ceased to exist as to a child born after the homestead was set apart, the widow for the use of herself and such afterborn child, during its minority, may maintain the action. In this connection see *Braswell* v. *McDaniel,* 74 *Ga.* 319; *Pritchett* v. *Davis,* 101 *Ga.* 236 (28 S. E. 666, 65 Am. St. R. 298).

4. In such an action, where it was alleged that the husband was the owner of the land, seized and possessed thereof, and that the wife obtained the homestead and took possession thereunder and with the children remained in possession for more than seven years, this was a sufficient allegation of title and interest to withstand a general demurrer.

5. The action being at law, the fact that 16 years may have intervened between the date of eviction and institution of the suit will not bar the action. *McWhorter* v. *Cheney*, 121 *Ga.* 541 (49 S. E. 603), being an equitable action, the ruling there made does not apply.

6. The allegations relative to ouster and possession by defendants were not of such character as to make it affirmatively appear on the face of the petition that a title adverse to the beneficiaries of the homestead had been acquired by prescription.

7. The petition stated a cause of action in the nature of a complaint for land and for mesne profits. No equitable relief is prayed. The statute of limitations does not apply to suits to recover land; lapse of time being only available in aid of any prescriptive title which the defendant may set up. As against a general demurrer the petition set forth a cause of action. *Judgment reversed. All the Justices concur, except*

LUMPKIN and BECK, JJ., dissenting. The allegations indicate an equitable petition rather than an action of ejectment or complaint for land. The plaintiff stated, that, "for herself and one minor child," she "brings this her equitable petition," and at the close of the allegations she again said: "Wherefore, your petitioner's husband being dead, and she and her minor child being the only beneficiaries left, she brings this her equitable petition and prays," etc. She alleged that "Petitioner further shows that she was ignorant of her rights under her homestead, and not knowing of the rights of the defendant, James H. Purcell, she and her minor children vacated said homestead, by reason of the demands and threats made by the defendant, James H. Purcell, and that he immediately took charge and possession of same." It was further alleged that at the time when the demand was made by defendant he insisted that he had title to the property, and it appeared that this occurred about sixteen years before the suit was brought. The prayers of the petition were for restoration of the possession; to recover the profits of the homestead, together with the value of the timber which it was alleged that the principal defendant (Purcell) had removed and sold, receiving value therefor; "that she have such other and further relief in this case as in equity and justice may seem meet and proper;" and for process. We think the action was an equitable one, and that the case is controlled by the decisions in *Taylor* v. *James*, 109 *Ga.* 327 (4), (5), (34 S. E. 674), and *McWhorter* v. *Cheney*, 121 *Ga.* 541 (49 S. E. 603).

SEPTEMBER 28, 1910.

Equitable petition. Before Judge Morris. Cherokee superior court. February 26, 1909.

*F. M. Hughes* and *R. B. Blackburn,* for plaintiffs.

*J. P. Brooke* and *P. P. DuPre,* for defendants.