### CLARK *v.* DODSON PRINTERS' SUPPLY COMPANY.

LUMPKIN, J. 1. A written contract of conditional sale contained the following among other clauses: "Received of Dodson Printers' Supply Company (Incorporated) of Atlanta, Georgia, under terms below stated, the following described machinery and personal property, to wit: three hand carbonaters and fixtures, . . four delivery-wagons, two mules, stocks of extracts, stoppers, and all other merchandise used in or connected with the bottling business now carried on by me at 248 Marietta St., in the City of Atlanta, Ga." Then followed clauses showing that the maker of the instrument purchased the property from the corporation above named, and the terms of the purchase, and stating that promissory notes were given for the deferred payments. "The personal property above described, and the title thereto, notwithstanding delivery, shall belong to and be vested in the Dodson Printers' Supply Company until all the aforesaid notes, or any renewal thereof, shall be first fully paid. . . I hereby covenant and agree that in case default shall be made in the payment at maturity of any of the notes aforesaid, or any part thereof, or in case the purchaser shall sell, assign, or remove said property, . . it shall be lawful for the said Dodson Printers' Supply Company . . to take immediate possession of said property. . . The said property to be kept at 248 Marietta St., in the town of Atlanta, Ga., and to be there held and kept, and not removed therefrom without the written consent of the said Dodson Printers' Supply Company first had and obtained." This instrument was duly attested and recorded. *Held,* that, under the deci-

sion in *Thomas Furniture Co.* v. *T. & C. Furniture Co.*, 120 *Ga.* 879 (48 S. E. 333), the specification of the property covered by such contract of conditional sale was not so indefinite as to render the instrument void as against third parties; and it was competent to show by parol that the delivery-wagon which was levied on and sold under an execution against the purchaser, was one of those which were used in connection with the business of the vendor, sold by it, and located at the specified place, and thus identify it as being one of those included in the instrument.

2. There was no error in any of the rulings of the court.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*
JANUARY 9, 1912.

Trover. Before Judge Pendleton. Fulton superior court. November 25, 1910.

*Moore & Branch,* for plaintiff in error. *C. L. Pettigrew,* contra.