## 7302.   Gann *v.* McGee *et al.*

Wade, C. J.   1.   The homestead exemption covering a "Ford automobile" can only have been allowed under the provisions of section 3377 of the Civil Code of 1910, and could not be upheld as a statutory or "short" homestead (Civil Code of 1910, § 3416), since only the specific things named in the statute may be exempted by the latter, and an automobile is not so named.   The conclusion that a homestead was sought and obtained under section 3377, supra, is further authorized by the fact that the application gave the names and addresses of the creditors of the husband of the applicant, from whose property the homestead was set apart, and was published, as required by section 3417 of the Civil Code.

2.   A collateral attack on a judgment setting aside a constitutional homestead (Civil Code, § 3377) is not allowable (*Bartlett* v. *Russell*, 41 *Ga.* 196), though allowable as to a "short homestead." *Marcrum* v. *Washington*, 109 *Ga.* 296 (34 S. E. 585); *Dunagan* v. *Stadler*, 101 *Ga.* 474 (29 S. E. 440); *Greaves* v. *Middlebrooks*, 59 *Ga.* 240.

3.   Where there is a misnomer in the printed notice, a judgment granting a homestead is of no force as against a creditor. *Smith* v. *Lord*, 60 *Ga.* 463.   The requirement as to notice is intended, however, for the benefit of the creditors of the person out of whose estate the homestead is to be set apart, and a defect in the advertisement would not avail one for whose benefit the publication was not made.   Moreover, a judgment of the court of ordinary setting aside a constitutional homestead is the judgment of a court of competent jurisdiction, and not subject to collateral attack. *Dunagan* v. *Stadler*, supra.   "The judgment concludes on all the facts necessary to appear before the court can give a judgment." *Harris* v. *Colquit*, 44 *Ga.* 663, 665.   See also *Gamble* v. *Central Railroad &c. Co.*, 80 *Ga.* 595 (4), 601 (7 S. E. 315, 12 Am. St. R. 276).

4.   The description of the automobile, in the application for homestead, as "one five-passenger Ford automobile," was sufficient to identify the property, and the description in the suit, though fuller, was not at variance therewith. See *Nichols* v. *Hampton*, 46 *Ga.* 253, 256; *Welsh* v. *Lewis*, 71 *Ga.* 387; *Beaty* v. *Sears*, 132 *Ga.* 516 (64 S. E. 321); *Clark* v. *Dodson Printers' Supply Co.*, 137 *Ga.* 324 (73 S. E. 580); *Reynolds* v. *Jones*, 7 *Ga. App.* 123 (66 S. E. 395); *Stimpson Specialty Co.* v. *Parker*, 10 *Ga. App.* 295, 296 (73 S. E. 412).   The sufficiency of the identification was, however, a matter for the jury.

5.   Allegations in an application for homestead in behalf of the applicant and her minor children, that she is a resident of the county in which the application is filed, and that her husband, who is a resident of the county, refuses to apply, are sufficient to give the ordinary jurisdiction. *Long* v. *Bullard*, 59 *Ga.* 355.   See also *Blacker* v. *Dunlop*, 93 *Ga.* 819 (21 S. E. 135); *Hughes* v. *Purcell*, 135 *Ga.* 174 (68 S. E. 1111); Civil Code, § 3393.

6.   The judge of the municipal court of Macon did not err in overruling the demurrer to the petition and the exhibits attached thereto, upon each and all of the grounds here insisted upon.   *Judgment affirmed.*
Decided November 22, 1916.   Rehearing denied December 8, 1916.

Trover; from municipal court of Macon—Judge Chambers. February 16, 1916.

*R. W. Barnes*, for plaintiff in error.　*E. C. Powers*, contra.