BUCHAN *et al.* v. DANIEL.

Where a husband, as head of a family, had set apart a homestead out of lands belonging to him in 1893, and he conveyed the homestead property by deed in 1894 to one whose vendees remained in possession of the property under the deed for more than seven years prior to the filing of suit in 1916 by the widow of the head of family, for herself and as next friend of a minor beneficiary, to recover the homestead property and profits arising therefrom; and where on the trial of the case it was admitted by the widow that the defendant and those under whom he claimed had been in open, quiet, and peaceable possession of the lands since 1894, with only constructive notice of the homestead, and that title by prescription had ripened in the defendant as against the widow, such admissions, under the facts of this case, will not cause title by prescription to ripen against the minor and prevent a recovery by him, in an action at law, of his beneficial interest in the homestead estate, it not appearing that prescription ripened in the defendant prior to the death of the husband at whose instance the

homestead was set     art. Accordingly, it was error to direct a verdict for the defendant.

No. 55. DECEMBER 14, 1917.

Complaint for land. Before Judge Graham. Dodge superior court. November 21, 1916.

*W. M. Morrison* and *J. A. Neese,* for plaintiffs.

*Roberts & Smith,* for defendant.

HILL, J. Mrs. Susan A. Buchan, for herself and as next friend of George Hubert Buchan, a minor, brought a complaint for land against G. T. McDaniel, to recover two and one half acres of land together with the dwellings thereon, and mesne profits. It was alleged that: "Petitioner claims title and possession of said lands, being seized thereof in fee." The petition further alleged that on November 4, 1893, Dr. T. J. Buchan had the lands set aside to himself and his family, consisting of the plaintiff and George Hubert Buchan, their minor son. The defendant in his answer claimed title by prescription, he having been in continuous possession of the land for more than seven years prior to the filing of the suit, and having erected thereon valuable improvements to the amount of $262.50. The case was tried on an agreed statement of facts, substantially as follows: The lands described in the petition were set aside as a homestead to Dr. T. J. Buchan and his family on November 4, 1893. Dr. Buchan sold the lands on July 4, 1894. The defendant and those under whom he claims title have been in open, quiet, and peaceable possession of the lands since July 4, 1894. None of the owners of the land, who are the successors in title of Dr. T. J. Buchan, had any actual notice that the property had been set aside as a homestead, except constructive notice by the record. Mrs. Susan A. Buchan is the widow of Dr. T. J. Buchan, and George Hubert Buchan is their minor son. "It is admitted that title by prescription has ripened in defendant as against Mrs. Susan A. Buchan." The presiding judge directed a verdict for the defendant. To this ruling the plaintiffs excepted.

1. It is admitted that title by prescription has ripened in the defendant as against Mrs. Buchan. Assuming, without deciding, that she is concluded by the admissions in the agreed statement of facts, we will consider how the case stands with reference to the minor, George Hubert Buchan. The prayer of the petition is, that Mrs. Buchan have judgment, for herself and the minor, for

the rents and profits of the land, and that possession be restored to her for her own use and that of the minor, and for such other and further relief as may appear just and lawful. It does not appear from the record when Dr. Buchan died, nor whether he left a will, nor how many heirs at law he left, nor whether there was administration upon his estate. The record is extremely meager. The property sued for was set apart in 1893 as a homestead by Dr. Buchan as the head of a family, and his wife and the minor were beneficiaries. Whether they were the sole beneficiaries is not disclosed. The head of the family executed a deed to the homestead property in 1894, to the predecessors in title of the defendant, and they have been in possession since and claim title by prescription. The Civil Code, § 4163, declares that "Title by prescription is the right which a possessor acquires to property by reason of the continuance of his possession for a period fixed by the laws." Section 4169 provides that "Adverse possession of lands, under written evidence of title, for seven years shall give a like title by prescription." Section 4173 declares that "No prescription works against the rights of a minor during infancy, of a person imprisoned during his confinement, or of an insane person so long as the insanity continues; but each of these shall have a like number of years, after the disability is removed, to assert his claim to realty . . against the person prescribing." Under the law and the facts, is the minor barred? We assume that the widow is concluded by her admissions. We do not know upon what theory the presiding judge directed the verdict for the defendant; but in the view we take of the case the minor was not barred from recovery. He was a beneficiary of the homestead estate, and since the constitution of 1877 any alienation of a homestead estate, except in the manner provided by law, is void. See Powell on Actions for Land, § 262. But it is insisted that the homestead estate is in the nature of a trust estate, and that the beneficiaries of a trust estate are barred by the statute of prescription in every case where the trustee would be barred. It was said by Mr. Justice Cobb in the opinion in *Taylor* v. *James,* 109 *Ga.* 327, 338 (34 S. E. 674): "The right of action is in the trustee, and the mere fact that he fails to enforce his right and that of his beneficiaries within the time prescribed by law would not give them the right to do so after that time has elapsed. . . We see no good reason to hold that this

principle would not be applicable to the beneficiaries of a homestead estate. Such an estate is in the nature of a trust estate, and the head of the family is the trustee thereof. The legal title is vested in him, and the beneficiaries have only an equitable interest therein. It is true that, under the decisions of this court, this is such an interest as authorizes the bringing of a suit in their own names to recover the homestead property wrongfully sold, and as a necessary incident of such suit they can recover mesne profits; but this is all the more reason for holding that the statute of limitations would run against them." It was held in that case, that, "Even if the title to the reversionary interest in homestead property passes under a deed made, while the homestead is in existence, by the person out of whose property the homestead estate was carved, such title can not be asserted in- any way until the homestead estate has expired." Properly construed, the suit in the instant case is to recover "possession and use" of the homestead property, and not the title thereof; and unless the minor is barred or concluded in some way, his right to recover the homestead or beneficial interest during his minority will not be denied him. It will be observed that in the *Taylor* case, supra, it was said by Judge Cobb that a homestead is in the nature of a trust estate, and that the *head of the family* is the trustee thereof. The reasoning in the opinion is to the effect that if the head of the family as trustee was barred, the beneficiaries would be barred. Even if the language used by Judge Cobb be considered a definite ruling under the facts of that case, it has no application to a case like the present. Here, the *head of the family* is dead, and it can not be said that on his death his widow succeeds to the trusteeship as head of a family relatively to the homestead property, and thereby becomes the trustee of the minor beneficiary. In a sense, on the death of the head of the family, the father, his widow becomes the head of the family as natural guardian, but not as trustee relatively to the homestead property. The widow never had in herself the legal title to the reversionary interest in the land, as did the head of the family in the *Taylor* case; nor is this a case where she took out a homestead on failure of the head of the family to do so, as provided by law, and thus became head of the family relatively to the homestead property. Even if she did the latter, it would not make her the head of the family in the sense that

the husband was, whose status was entirely different, because he owned the legal title, and she did not. And even if the husband and father as head of the family be held to be a trustee as to the homestead property, we will not extend that ruling to a case like the present, where the legal title was never shown to have existed in the widow. Nor is this necessary in order for the beneficiaries to sue in their own behalf for the beneficial interest. *Hughes* v. *Purcell,* 135 *Ga.* 174 (68 S. E. 1111). The mother did not represent the son as trustee in the instant case. There is nothing in the record to show that the husband died intestate, without administration on his estate, leaving only the widow and minor son as heirs at law to inherit the larger estate—the fee to the land. But even if this were so, and the widow was barred of recovery of the fee, it would not prevent a recovery on the part of the minor son in this case, unless it be on the joint-action theory, where in a suit at law a joint recovery is sought. But, as already pointed out, we construe the petition to be an action at law for the recovery of the possession of the homestead estate and the income therefrom. Therefore we can not hold that, because of the admissions made in the present ·case by the widow, the minor beneficiary is barred during his minority from bringing suit to recover possession of the homestead property, through his mother as next friend. To do so would be to defeat the purpose of the law in allowing homesteads to be set aside to provide a home for minor beneficiaries. No question is raised, in the pleadings or elsewhere, as to the form of action brought in this case—whether it should be an equitable action for the recovery of the homestead property, or whether the present form is sufficient. See, in this connection, Powell on Actions for Land, 103, § 78; *Hughes* v. *Purcell,* supra. Under the pleadings and admissions in the record, we think the court erred in directing a verdict for the defendant, so far as the minor son is concerned. *Davis* v. *Jones,* 95 *Ga.* 788 (23 S. E. 79).

*Judgment reversed. Fish, C. J., absent. Atkinson and George, JJ., dissent. The other Justices concur.*