## 9480. SHEPPARD v. DAVIS.

Property of a married woman can not be set apart under the Civil Code, § 3416 et seq., as exempt from levy and sale, on a schedule made and filed by her in which she is described as "the head of a family" consisting of herself and her husband and minor children. Where husband

and wife are living together, the law recognizes the husband as the head of the family. Property of a husband can not be set apart on a schedule made and filed by the wife, where it does not appear that he refused to make and file a schedule.

The schedule filed by the plaintiff and recorded by the ordinary, on which she based her claim to the mule which she sought to recover in trover, was void; and as the only other evidence as to her ownership of the mule was her husband's testimony that he used some of her money in paying for it, and that they owned it together, the court erred in directing a verdict for the plaintiff.

DECIDED OCTOBER 22, 1918.

Trover; from city court of Springfield—Judge Shearouse. September 6, 1917.

*R. W. Sheppard, C. T. Guyton,* for plaintiff in error.

BLOODWORTH, J. 1. This was an action of trover by Mrs. Davis to recover property which she attempted to show had been set apart as a "pony homestead" to her, her husband, and minor children. The schedule of property claimed to be exempt from levy and sale, made out and sworn to by her, filed with the ordinary, and by him admitted to record, begins thus: "The following is the schedule of property of Mrs. Susan F. Davis, a citizen of said county, who is the head of a family, consisting of herself, husband Robert C. Davis, and seven minor children," naming them. Under the rulings in *Crowley* v. *Freeman,* 9 *Ga. App.* 1 (70 S. E. 349), and cases there cited, if the property had in fact been legally set apart as a homestead, Mrs. Davis could probably have maintained this action, though brought in her own name; but her case must fall, as she bases her right to recover on the alleged homestead. This is true whether the schedule be considered as an attempt to set apart property of the husband, or property of the wife. If the former, it is void because "It is essential to the validity of a schedule filed by the wife for the purpose of having the property of the husband set apart as exempt, under the provisions of section 2866 et sequitur of the Civil Code [of 1895, C. C. 1910, § 3416], that it shall affirmatively appear in the schedule that the husband refused to file the same; and if this fact does not so appear, the schedule, though recorded, is void, and may be collaterally attacked in any court of competent jurisdiction in which the creditors of the husband are seeking to subject the property embraced in the schedule to the payment of his debts. *Mutual Benefit Association* v. *Tanner,* 96 *Ga.* 338 [23 S. E. 403]; *Davis* v. *Lumpkin,* 106 *Ga.* 582 [32 S. E. 626]; *Marcrum* v. *Washington,* 109 *Ga.* 296 [34 S. E.

585]." *Hirsch* v. *Stinson,* 112 *Ga.* 348 (37 S. E. 365). If the latter, it is void because "The statutory homestead, or exemption, provided for in sections 2866 et seq. of the Civil Code [of 1895, C. C. 1910, § 3416]' can not be taken in property which does not belong to the head of a family. A wife, living with her husband and children, is not the head of a family, and hence she is not entitled, under the provisions of these sections of the Code, to have property the title to which is in herself exempted from levy and sale, for the benefit of herself and her minor children." *Bennett* v. *Trust Co.,* 106 *Ga.* 578 (2), 581 (32 S. E. 625). In the opinion in the case just cited, Mr. Justice Fish said: "In the present case, a wife, living with her husband, attempted to take 'the pony homestead' in property which belonged to herself, 'for the benefit of herself and family, consisting of her husband and seven minor children.' A married woman living with her husband is not the head of a family. Where a husband and wife are living together, the law recognizes the husband as the head of the family. *Neal* v. *Sawyer,* 62 *Ga.* 352. The homestead set up by the plaintiffs in this case is, therefore, a mere nullity."

Applying either of the rules laid down above, we must hold that the alleged homestead, a copy of which was introduced in evidence in the instant case, is void. As the only other evidence of ownership of the mule by the plaintiff was that of her husband, who swore, "I used some of her money in paying for that mule, we own it together," there was no evidence authorizing a verdict for the plaintiff, and the court erred in directing such a verdict.

2. In view of the foregoing ruling, it is unnecessary to discuss the remaining grounds of the motion for a new trial.

*Judgment reversed. Broyles, P. J., and Harwell, J., concur.*