### 15438.   GRIFFIN BANKING CO. v. MACON NATIONAL BANK.

STEPHENS, J. 1. Where a pledgee redelivers the property to the pledgor for the special purpose of being sold by the pledgor for the pledgee's benefit, the pledgor, when selling the property, acts only as the agent of the pledgee for such purpose; and while the title to the property may pass to the purchaser, the funds derived from the sale belong to the pledgee, and the pledgor has no title thereto. See, in this connection, *Eplan* v. *Wheat,* 134 *Ga.* 511 (68 S. E. 78), 21 R. C. L. 656-7; Jones on Collateral Securities (3d ed.), §§ 43, 44.

2. Where another creditor of the pledgor had constructive notice of the pledgee's title by virtue of a regularly executed and recorded bill of

sale from the pledgor, conveying to the pledgee title to the property as security for a debt, which title the pledgee did not in fact relinquish upon redelivery by him of the property to the pledgor for the purpose of being sold, such creditor of the pledgor could not assert any lien, as by garnishment, upon the proceeds of the sale of the property by the pledgor.

3. A deed to secure a debt, conveying both realty and personalty, which describes part of the personalty conveyed as "all the . . canned goods located in the [grantor's] plant as located above," which location "above" is a certain definitely described lot of land capable of identification and also conveyed for the purposes of the conveyance, contains a description sufficiently identifying the property to put third persons on notice. *Clark* v. *Dodson Printers Supply Co.*, 137 *Ga.* 324 (73 S. E. 580); *Thomas Furniture Co.* v. *T. & C. Furniture Co.*, 120 *Ga.* 879 (48 S. E. 333).

4. A verdict for the pledgee claiming the funds caught by garnishment served upon the purchaser by a creditor of the pledgor was properly directed. *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 24, 1925.

Garnishment and claim; from Fulton superior court—Judge Humphries. February 8, 1924.

*Horace Russell, Watkins & Asbill,* for plaintiff.

*W. A. Sutherland, Jones, Evins & Moore,* for defendants.