### KIMSEY *et al. v.* ROGERS *et al.*

1. The bill of exceptions is amendable by adding to the specification of material parts of the record the brief of evidence approved by the trial judge and ordered filed as part of the record.
2. The act of the ordinary in receiving and recording the schedule of land to be set apart as a homestead under the Civil Code, §§ 3416 et seq., is ministerial, and may be collaterally attacked in a case involving the title.

Appeal and Error, 4 C. J. p. 316, n. 22.
Evidence, 22 C. J. p. 68, n. 43; p. 71, n. 66; p. 72, n. 69; p. 178, n. 19.
Homesteads, 29 C. J. p. 816, n. 57; p. 817, n. 83; p. 819, n. 43; p. 988, n. 74; p. 989, n. 90; p. 990, n. 36.
Trial, 38 Cyc p. 1653, n. 11 New.
Witnesses, 40 Cyc. p. 2481, n. 61.

3. Though the facts necessary to the validity of such exemption need not affirmatively appear on the schedule as filed, it is essential that they actually exist; and one of them is that the head of the family can exempt land not in a city, town, or village, only when the improvements thereon do not exceed $200 in value.

4, 5. It was competent, on cross-examination of witnesses, to inquire as to what improvements were put on the land before the application for exemption, and their cost, not as the criterion of their value, but as a circumstance aiding ascertainment of value. The right of cross-examination should not be abridged, especially where the witness is a party.

6. On the issue whether the land derived its chief value from other than agricultural uses, testimony of the existence and extent of mineral properties on it was not irrelevant.

7. The court's instruction to the jury, that the test of the value of the improvements on the homestead is not what they cost, but what they were worth at the time of the application to the ordinary, was not an expression of opinion of what was proved, and did not exclude from the jury's consideration anything as to what the improvements cost.

8. The instruction "that the burden of proof rests upon the defendants to show by a preponderance of the evidence that their contentions are correct" was erroneous, as the burden was on the plaintiffs to prove the facts essential to constitute a valid exemption.

No. 6363. MARCH 15, 1928.

Equitable petition. Before Judge Pittman. Whitfield superior court. October 20, 1927.

An execution against W. M. Rogers was levied upon a tract of land containing 109 acres. Before the day of sale under the levy, Rogers as the head of a family consisting of his wife and six minor children under the age of sixteen years, made out a schedule of property claimed as exempt as a statutory or short homestead, and returned it to the ordinary of the county of his residence. This schedule embraced eighty acres of the tract of land levied upon. The entire tract was sold under the levy, and was bought by R. O. Kimsey, to whom the sheriff executed a deed. Prior to the sale notice was given to all persons present that Rogers had made and returned his schedule claiming a portion of the land levied on as a short or statutory homestead, and that the same was of file in the ordinary's office. Afterward the county surveyor surveyed and platted 80 acres of the tract of land levied upon and sold, and the plat was filed with the ordinary of the county. Rogers then filed a petition in his own behalf and in behalf of his wife and minor children, against Kimsey and the sheriff, to enjoin the sheriff from putting Kimsey in possession of the entire tract of land levied on

12

and sold. The judge refused to grant a temporary injunction, and this court reversed that judgment. *Rogers* v. *Kimsey,* 163 *Ga.* 146. When the case went back the defendants, by an amend-ment to their answer, set up that the schedule and exemption of said 80 acres of the tract so purchased by Kimsey, was void on the grounds, (1) that the land so claimed to be exempt does not derive its chief value from its adaptation to agricultural purposes; (2) that the improvements on the real estate so claimed as exempt exceed in value $200, said improvements being of the value of $750 to $1000.

On the trial W. M. Rogers testified that the improvements on the land claimed as exempt were worth about $50 or $75, and that the chief value of the land arose from its adaptability to agricul-tural purposes. W. H. Pittner, testified to the same effect as to the value of the improvements. Sant Reid testified that the im-provements were worth about $125 or $150. Tom Manis testified that the improvements were not worth more than $150 or $175. On behalf of the defendants, Grover Martin testified that the im-provements on the land claimed as exempt were worth from $750 to $1000. J. H. Miller testified that the improvements were worth about $500 or $600. Julius Partor testified that the improvements were worth $400 or $500. Kimsey testified that these improve-ments were worth $1000. The jury returned a verdict in favor of the plaintiffs. The defendants moved for a new trial upon the general grounds, and upon certain special grounds which appear in the opinion. They excepted to the overruling of the motion.

*William E. & Gordon Mann,* for plaintiffs in error.

*D. W. Mitchell,* contra.

HINES, J. 1. A brief of the evidence introduced in the trial of this case was approved by the trial judge as true, and ordered filed as a part of the record; and it was so filed. The bill of exceptions omits to specify the brief of evidence as a part of the record to be sent to this court, and such brief is material to a clear understanding of the errors complained of. Plaintiffs in error move to amend the bill of exceptions by specifying the brief of evidence as a part of the record to be sent to this court. As the record contains a duly authenticated brief of the evidence accompanying the motion for new trial, and as the bill of excep-tions fails to specify it as a part of the record to be sent to this

court, and as it is a material part of the record necessary to a clear understanding of the errors complained of, the bill of exceptions is amendable by specifying the brief of evidence as a part of the record to be sent to this court. *Kelly* v. *McGehee,* 67 *Ga.* 364; *Ruffin* v. *Paris,* 75 *Ga.* 653 (2) ; Civil Code, §§ 6184, 6188. Leave is granted to the plaintiffs in error so to amend.

2. Fifty acres of land, and five additional acres for each child under the age of sixteen years, of the property of every debtor who is the head of a family, is exempted from levy and sale by virtue of any process whatever, under the laws of this State; provided, none of the land claimed as exempt is within the limits of a city, town, or village, and does not·include any cotton or wool factory, saw or grist mill, or any other machinery propelled by water or steam, the value of which exceeds the sum of $200, and provided said land does not derive its chief value from causes other than its adaptation to agricultural purposes. The land so exempted shall include the dwelling-house, if the value of said house and improvements does not exceed the sum of $200. The land so exempted shall remain ·for the use and benefit of the family of the debtor. Civil Code, § 3416 et seq. The act of the ordinary in receiving and recording the schedule of property sought to be set aside as a homestead under the provisions of the Code, just cited, is ministerial only, and the validity of such exemption may be collaterally attacked in a court of competent jurisdiction in a case involving the title of a purchaser at sheriff's sale of the property claimed to be exempt. *Marcrum* v. *Washington,* 109 *Ga.* 296 (34 S. E. 585) ; *Stinson* v. *Hirsch,* 125 *Ga.* 149 (53 S. E. 1011).

3. The existence of the facts necessary to constitute a valid exemption under the sections of the Code before referred to need not affirmatively appear on the face of the schedule filed, but it is none the less essential that they should actually exist. One of these necessary and essential facts is that the head of a family can exempt land not in a city, town, or village, only when the im·provements thereon do not exceed $200 in value. *Piedmont National &c. Association* v. *Bryant,* 115 *Ga.* 417 (41 S. E. 661) ; *Evans* v. *Piedmont National &c. Association,* 117 *Ga.* 940, 945 (44 S. E. 2).

4. On the cross-examination of W. M. Rogers he was asked what it cost him to ceil the dwelling-house upon the land claimed

in the homestead, and what improvements he put upon the place after he purchased it from J. H. Miller, and the costs, in labor and material, of making such improvements. Counsel for the plaintiffs objected upon the ground that such testimony was irrelevant and immaterial, as the question was what such improvements were worth at the time he claimed the homestead. The court sustained the objection and refused to receive such testimony. While proof of the cost of an improvement is not the criterion of its value, yet such evidence is admissible as a circumstance in an inquiry instituted to ascertain that value. *Southern Railway Co.* v. *Williams,* 113 *Ga.* 335 (38 S. E. 744). The right of cross-examination, thorough and sifting, which belongs to every party as to the witnesses against him, should not be abridged, especially where the witness is the opposite party to the cause on trial, and is testifying for the purpose of making out his own case. *Becker* v. *Donalson,* 133 *Ga.* 864 (4) (67 S. E. 92).

5. On cross-examination of Rogers counsel propounded to him the question: "What would it cost to put the buildings and improvements on the land you claim as a homestead?" Counsel for the plaintiffs objected upon the ground that this question was irrelevant and immaterial. The court sustained the objection and refused to permit the witness to answer. The exclusion of this evidence was erroneous for the reasons specified in the preceding paragraph. For the same reasons it was error to refuse to allow counsel for the defendants to ask Ed Haddock, on cross-examination, what it would cost "to place the improvements that are on the place," and what it would cost to weatherboard and ceil the house.

6. Rogers testified that he sold the mineral interests in the tract of land, not embraced in the homestead, for $8000 during the war, received therefor $5000, and then took the land back. Counsel for the defendants propounded to the witness the question: " Is it not true that the same vein or ore runs through this land you are claiming as a homestead?" Counsel for the plaintiffs objected upon the ground that the testimony sought was irrelevant and immaterial. Counsel for the defendant stated to the court that he expected to show that the lands were more valuable for the mineral interests. The court sustained the objection and refused to permit the witness to answer the question. On the

issue whether this homestead land did not derive its chief value from other cause than its adaptation to agricultural purposes, raised by the defendants in their answer, this evidence was admissible, and the court erred in ruling it out and in refusing to permit the witness to answer the question so propounded to him.

7. The court charged the jury "that the test as to the value of the improvements on the homestead is not what they cost, but what they were worth at the time the application was made to the ordinary for the setting aside of the homestead." The defendants contend that this charge was an expression of opinion on the evidence, and that it excluded from the consideration of the jury anything as to what the improvements cost, as the cost of the improvements was for the consideration of the jury in arriving at their value, and not simply the opinions of witnesses as to their value. The charge was not erroneous for the reasons assigned. While the cost of improvements and the facts upon which witnesses base their opinions touching the same may be considered by the jury in arriving at the value of such improvements, the value of such improvements at the time the plaintiff scheduled the same for exemption as a homestead is the question for determination by the jury, in the light of all the facts and circumstances of the case.

8. The court charged the jury as follows: "I charge you that the burden of proof rests upon the defendants to show by a preponderance of the evidence that their contentions are correct. What is meant by a preponderance of the evidence is the greater weight of the evidence, that superior weight of the evidence [which], while not sufficient to wholly free the mind from a reasonable doubt, yet is sufficient to incline the mind of a reasonable and impartial juror to one side of the issue rather than the other." The defendants complain of this charge on the ground that the burden was on the plaintiffs to make out their case by a preponderance of the evidence, and not upon the defendants. The burden of proof generally rests upon the party asserting or affirming a fact, and to the existence of whose case the proof of such fact is essential. Civil Code, § 5746. The burden of proof is usually on the plaintiff. *Grier* v. *Ward,* 23 *Ga.* 145. Where there is no affirmative defense, or no plea in the nature of confession and avoidance, the burden of proof is upon the plaintiff, under

this section. *Courson* v. *Pearson,* 132 *Ga.* 698 (64 S. E. 997). The burden in this case was on the plaintiffs to show the existence of the facts necessary to constitute a valid exemption under the provisions of the Civil Code, §§ 5746 et seq. It follows that the court erred in giving the charge complained of.

As we grant a new trial in this case, it becomes unnecessary to consider the eighth ground of the motion, which alleges that the judge erred in trying the case before the remittitur from the Supreme Court had been filed with the clerk and made the judgment of the lower court; and the ninth ground, which alleges the discovery of new evidence. A proper judgment can be taken, ordering the remittitur to be spread upon the minutes of the lower court, and making the judgment of this court the judgment of that court; and the newly discovered evidence, if admissible, can be admitted upon another trial.

*Judgment reversed. All the Justices concur.*