No. 42.—WILLIAM M. HILL, relator, plaintiff in error, *vs.* THE COMMISSIONERS OF THE TOWN OF DECATUR, defendants in error.

[1.] The body of the Act of the 3d of March, 1856, to amend an Act, to incorporate the town of Decatur, contains nothing that is different from what is expressed in the title of the act.

[2.] The twelfth section of the Act of 3d of March, 1856, to amend an act to ·incorporate the town of Decatur, does not confer on the commissioners of that town, the power *to prohibit absolutely* the sale of liquor in the town : The section merely confers on them the power to exact a fee of not more than fifty dollars, for a license to sell liquor in the town.

Mandamus, from DeKalb Superior Court. Decision by Judge BULL, at chambers, February, 1857.

This was an application by William M. Hill, the relator, for a mandamus against the Commissioners of the town of Decatur, in the county of DeKalb, to compel them to grant to him a license to retail spirituous liquors in said town.

Relator averred that he had been engaged in retailing liquors in said town for more than twenty-five years, and that it was his only or principal means of supporting himself and family; that he had applied to said Commissioners for a license ; had tendered a bond duly executed with good security, and proposed to take the oath required by law, and tentered the sum of fifty dollars in specie as the price of said license. That said Commissioners refused to grant him a license. Relator prayed that a writ of mandamus do issue, requiring and commanding said Commissioners to grant a license to said William M. Hill, to retail spirituous liquors in the town of Decatur, for the term of one year, upon his paying a license fee of fifty dollars, and complying with the law, and statutes in such case made and provided.

The Judge upon hearing the petition, ordered said Commissioners to appear and show cause why a peremptory mandamus should not issue compelling them to grant the license prayed for by relator.

The Commissioners answered and showed for cause, that they had refused to grant the relator the license to retail spirituous liquors by virtue of and in accordance with an ordinance passed by said Commissioners on the 15th day of January, 1857, and a part of which ordinance is in the following words, to-wit:

"Sec. 10. No spirituous or intoxicating liquors shall be sold within the corporate limits of the town of Decatur, in less quantity than three gallons, from and after twelve o'clock of Friday the 16th day of January instant.

"Sec. 11. From and after the 16th day of March next, no person shall be allowed to sell *any* spirituous or intoxicating liquors within the corporate limits of the town of Decatur, except practising physicians for medical purposes."

The respondents admit that relator made a tender of $50 as a license fee, and offered to give a bond and security, and to comply with the laws relating to retailers, and demanded a license, which they refused; and they claim and assert the right to refuse said license, under and by virtue of the power and authority vested in them by the 12th section of the Act, passed at the last session of the General Assembly (1855-6,) entitled an act to alter, change and amend an act, to incorporate the town of Decatur, passed in 1823.

Judge BULL, upon hearing the answer and argument, refused to order a mandamus, and discharged the *rule nisi:*

Whereupon counsel for relator, excepted and assigns error, &c.

T. W. J. HILL, for relator.

WILSON, and EZZARD & COLLIER, for respondents.

*By the Court.*—BENNING, J. delivering the opinion.

The question is, ought the mandamus to have been granted? The Court below refused to grant it.

Hill vs. The Commissioners of Decatur.

The Commissioners of the town of Decatur, in resistance to the application for a mandamus, set up the act of the 3d of March, 1856, to amend an act to incorporate the town of Decatur, and the ordinance passed by them in accordance with, what they supposed to be, the import of the twelfth section of that act.

In reply to this defence, the applicant for the mandamus took two positions.

1st. That the whole body of the said act of March the 3d, 1856, was "matter different from what" was "expressed in the title" of the act, and therefore, that the whole act was *unconstitutional.*

2d. That even if the act was not constitutional, yet, that it did not authorize the Commissioners of the town of Decatur, to *prohibit* the sale of spirituous liquors in that town.

These positions will be considered in their order.

The title of the said act of March 3d, 1856, is as follows: "An Act to alter, change and amend an act, entitled an act, to incorporate the town of Decatur, in the county of DeKalb, assented to, December 10th, 1823."

There is *no* act so entitled.

But there is an act entitled, "An Act to make permanent. the site of [the] public buildings in the county of DeKalb, at the town of Decatur; and to incorporate the same." And this act was assented to, December the 10th, 1823; and there is no other *act* at all, relating to the incorporation of the town of Decatur.

Now, the Legislature must have intended the act of March the 3d, 1856, to be amendatory of *some* act that was an act to incorporate the town of Decatur. But there is no act that was an act to incorporate the town of Decatur, except the act aforesaid. Therefore, the Legislature must have intended the act of March the 3d, 1856, to be amendatory of the act aforesaid.

But if they did so intend, then it is manifest, that there is

nothing in the body of the act of March 3d, 1856, that is different from what is expressed in the title of the act.

[1.] We think that there is nothing in the body of the act that is different from what is expressed in the title of the act; and, therefore, we think that the act is not unconstitutional.

[2.] Does the act give authority to the Commissioners of the town of Decatur, to *prohibit* the selling of spirituous liquor within that town ? If any part of the act does, it must be the twelfth section. The twelfth section is in these words :

"*And be it further enacted,* That said Commissioners of the town of Decatur, or a majority of them, shall have power to restrict, prohibit, and regulate the sale, vending and distribution of all distilled spirituous and intoxicating liquor in the corporate limits of said town, and any person or persons violating the ordinances of said Commissioners, passed in pursuance of the power granted by this section, shall, in addition to the penalty prescribed by said Commissioners, be subject to all the pains and penalties to which persons are now subject by law, for retailing liquor without license : *provided,* no license to retail spirituous liquors shall exceed fifty dollars."

It is no doubt difficult to give a perfectly satisfactory interpretation to these words.

The word "*provided,*" standing where it does, must mean *on condition.* Lord *Cromwell's case,* 2. *Cok.* 72 ; *Simpson vs. Titterell, Cro. Eliz.* 242.

Let the words " *on condition*" be substituted for the word " *provided.*"

The section will then read thus : " That said Commissioners," &c. "shall have power to restrict, prohibit, and regulate the sale," &c. " *on condition,*" that "no license to retail spirituous liquors shall exceed fifty dollars."

Reading thus, the section it would seem, imports this :

that the Commissioners shall have power to restrict, prohibit and regulate the sale of liquor, on condition, however, that they do not exercise the power, further than to exact a fee of not more than fifty dollars for a license to retail the liquor.

And this we think is the import of the section.

It is true, that if this be the import of the section, the proviso-part of the section is, to some extent repugnant to the rest of the section. The rest of the section is, that the Commissioners may prohibit absolutely; this proviso-part is, that they may prohibit, if exacting a license fee of not exceeding fifty dollars, will amount to a prohibition. Now, as to many persons, the exaction of such a fee would amount to a prohibition; but not as to all.

Does such a degree of repugnancy render the *proviso-part* void?

We think not.

1. It is a general rule, that some effect ought to be given to every part of a statute, if possible.

By holding the *proviso-part* of this section of this statute to be good, we do nothing that prevents the rest of the section from having considerable effect; whereas, if we hold the proviso-part to be bad, we shall do what would prevent so much of the section as consists of that part from having any effect at all.

2. It is according to high authority, that when the proviso of a statute is repugnant to the purview of the statute, the proviso, speaking the last intention of the law-giver, repeals the purview. In this respect a *proviso* differs from a *saving*. *Dwarris on Stat.* 659,660, *citing Fitzgibbon* 195.

3 The power absolutely to prohibit the people of a town, from the "sale, vending and distribution of all distilled spiritious and intoxicating liquor," is an exceedingly high power. If therefore, any person claims the grant to himself of such a power from the Legislature, the onus is upon him to show, that the instrument under which he claims the grant of the power, does grant the power. And this onus he does

not cast from himself, by showing that the instrument under which he claims the grant of the power, is susceptible of a construction which would grant him the power, if the instrument is also susceptible of another construction, one which would withhold from him the power.

4. All grants to corporations are to be construed strictly.

The conclusion then to which we come is, that this twelfth section does not confer the power on the Commissioners, absolutely to prohibit the sale of liquor in Decatur; but that it merely confers the power on them to exact a license fee of not more than fifty dollars, from those who would retail liquor in that town.

And this being our conclusion, we think that the 10th and 11th sections of the ordinance of the Commissioners, passed on the 15th of January 1857, were void.

This being so, are we not to say, that the mandamus should have been granted. No.

The mandamus prayed for, was a mandamus to compel the Commissioners to issue a license to the applicant for the mandamus on his paying them fifty dollars.

The Commissioners had passed no ordinance fixing the fee of a license; they were not bound to pass any ordinance fixing such fee. They might if they pleased, remain passive on the subject of license. Therefore as the case stood, they were not bound to issue a license to any one, on any terms. Nor, on the other hand, did any one need a license from them. As long as they remained passive on the subject of license, every person had the right to sell liquor in the town, on complying with the general law on the subject of license.

So that, after all, we think, that the Court was right in refusing the mandamus.

Judgment affirmed.