SHORE *vs.* GASTLEY, sheriff, *et al.*

Where a man obtained a homestead for the benefit of his wife and daughter, and it was subsequently terminated by the death of the wife and arrival of the daughter at age, upon his second marriage, he could again apply and have another homestead set apart for the benefit of his second family.

(*a*) Where, pending an application for a homestead, land which had been levied on was sold subject to the homestead right, and with notice thereof given at the sale, and the homestead was subsequently granted, but in spite of it the purchaser at the sheriff's sale was threatening and proceeding to dispossess the wife of the applicant and cause the sheriff to put him in possession, on a bill filed by her, such a proceeding would be enjoined until the final hearing of the rights of the parties.

October 13, 1885.

Homestead. Injunction. Husband and Wife. Before

Judge ESTES.      Habersham County.      At Chambers.      June 27, 1885.

Reported in the decision.

CRANE & JONES, for plaintiff in error.

C. H. SUTTON, for defendants.

HALL, Justice.

The question made by this record is, whether a party, who has once had a homestead and exemption, which has terminated by the death of his wife and the arrival at age and marriage of the daughter for whose benefit it was set apart, can, upon becoming the head of a family by his second marriage, have another homestead set apart for the benefit of that family.    That he can do so was expressly held by this court in *Benedict, Hall & Co. vs. Webb,* 57 *Ga.,* 348, because, as was there said, "being based on the existence of a new family, this second homestead is lawful." The bill in this case was filed by the wife, pending an application by her for this second homestead, to prevent her removal from the premises sought to be set apart, and which had been levied on and was advertised for sale by the sheriff.    Notice of this application was given at the sale, and seems to have been acted on by the sheriff, who announced that the land was sold subject to the right of homestead.    After the sale was made, the homestead was set apart and the purchaser at the sale threatened to have the sheriff put him into possession, and was proceeding to do so.    Upon the application of plaintiff, the judge granted an order restraining the parties from disturbing the possession of the defendant in execution and his family. Upon the hearing of cause why the injunction prayed should not be granted, which took place after the homestead was assigned, he rescinded this order and refused the injunction.    To this decision exception was taken.

No good reason occurs to us why the complainant was not entitled to have an injunction to operate until the final hearing of the equity cause; the complainant had a right to be quieted in her possession until the case could be heard on the bill, and afterwards if the jury trying the case should find the facts therein alleged to be true. The purpose of the suit was to prevent her from being harassed and turned out of possession, and thus to avoid circuity of action, and it may be a multiplicity of suits. We think her entitled at least to this much relief, and that there was error in refusing the injunction and rescinding the restraining order, and therefore order the injunction to issue and direct the judgment reversed.