REDDING *v.* LENNON.

1. This court can not consider a ground of a motion for new trial which complains of the admission of evidence but which does not set forth such evidence, either literally or in substance.

2. The evidence demanded the verdict, and there was no error in so directing.

Submitted December 10, — Decided December 20, 1900.

Levy and claim. Before Judge Bennet. Ware superior court. November term, 1899.

*A. E. Cochran* and *W. C. Holmes*, for plaintiff.
*J. L. Sweat & Son*, contra.

SIMMONS. C. J.   Redding obtained a judgment against G. H. Lennon, and execution was issued thereon and levied upon certain land in Waycross, Georgia.   Lennon as the head of a family filed a claim in behalf of his minor son.   On the trial of the claim case the plaintiff introduced the fi. fa., and the entry thereon showing that Lennon was in possession of the land at the time of the levy.   Lennon introduced a certified copy, from the records of the ordinary's office, of his schedule of property claimed to be exempted, under section 2866 et seq. of the Civil Code, as a statutory or, as it is commonly called, short or pony homestead.   He also introduced a copy of an amendment to this original exemption.   This amendment was approved by the ordinary and recorded some years after the original schedule.   The amendment was nothing more than an amplification of the description of the land sought to be described in the original schedule.   In this original schedule the land was described as "one half acre of land, situated within the incorporate limits of the city of Waycross, of the value of one hundred dollars."   The amendment added the following description: "Said half acre of land thus described was and is known as that certain piece or parcel of land, situated in the city of Waycross, Ware county, Georgia, and in that portion of said city known as 'Hazzard's Hill,' bounded on the north by Mosely street, east by lands of Henry Roberts, south by Dixon street, and west by Blackwell street."   There was also some oral evidence as to the beneficiaries, showing that one of them was a minor and in life.   The court directed a verdict for the claimant. The plaintiff made a motion for a new trial, which was overruled. The movant excepted.   The grounds of the motion for a new trial were general, that the verdict was contrary to law and the evidence, etc., with one exception.   The one special ground complained of the admission, over certain stated objections thereto, of "the original and amended short homestead."   This was the main ground relied upon in the argument in this court.   It will be observed that the ground fails to set out, either literally or in substance, the evidence the admission of which is assigned as error.   For this reason the ground can not, under numerous decisions of this court, be considered.   This court will not look into the brief of evidence to inform itself as to which portion of the evidence is referred to as having been admitted over objection.   The evidence or its substance should be set out in the motion.   See *Webb* v. *Wight & Weslosky Co.*, 112 *Ga.* 432, and cases there cited.

Even if this ground could be considered, I have no hesitation in saying, for myself, that there was no error in admitting the copies, from the records of the ordinary's office, of both the original schedule of property claimed by Lennon to be exempt, and of the amendment thereto. No question as to the original papers being the highest and therefore the best evidence was made. The amendment, as before stated, did not in any way supplement the original exemption, but merely described more fully and by metes and bounds the land already exempted. The law allows the head of a family to hold a certain amount of personal and real property free from levy and sale. If he applies for the exemption under section 2866 of the Civil Code, all he has to do is to make a schedule of the property which he claims is exempt, and file the schedule with the ordinary. It is then the duty of the ordinary to record the schedule in a book kept by him for that purpose. If the applicant fails to describe the property with sufficient certainty to identify it, I see no reason why he can not be allowed to amend his schedule by giving a description which is sufficiently accurate and definite to identify the property. Under the decisions of this court these exemption laws must be construed liberally in favor of the applicant. It would be a great hardship upon the family of a claimant if they were to be turned out of house and home because the original schedule, through the ignorance or mistake of the person making it, failed to describe the land definitely and exactly. The original description was, in the present case, sufficient to put creditors upon notice that a tract of land, containing about one half of an acre, in the city of Waycross, the property of the head of the family, was claimed to be exempt. Creditors can not say that they gave credit upon the faith of this land without notice of the exemption. I think further that, if no amendment had been allowed by the ordinary, and the claimant had introduced a copy of the original schedule and showed that the land levied on was the land intended to be listed in the schedule, this would have been sufficient.

The evidence dealt with above was admitted, I think, properly. Certainly proper exception is not taken to its admission. With this evidence in, the verdict was demanded, and there was no error in so directing.

*Judgment affirmed. All concurring, except Fish, J., absent.*