## PIEDMONT NATIONAL BUILDING AND LOAN ASSOCIATION *v.* BRYANT.

115  417
f 117  945|

1. A schedule of property sought to be exempted under the Civil Code, § 2866, properly returned to the ordinary and by him recorded, is admissible in evidence in behalf of the head of the family, although it includes one acre of land and does not show on its face that the improvements were not worth more than $200, or that the land was chiefly valuable for agricultural purposes, or that the land, if in a city, town, or village, was not worth more than $500.
2. If the land sought to be exempted is not in a city, town, or village, and contains less than the number of acres allowed by law, no survey and plat are necessary.
3. A creditor of the head of the family may attack the exemption by showing that it was illegal, although the debt was not contracted until after the return of the schedule and its record by the ordinary.
4. If the creditor shows that at the time the exemption was sought to be made the property was not situated in a city, town, or village, and that the improvements thereon were worth more than $200, and that the land did not derive its chief value from its adaptation to agricultural purposes, the exemption would be invalid and the land subject to levy and sale by the creditor.

Submitted March 1, — Decided April 29, 1902.

Levy and claim. Before Judge Felton. Bibb superior court. June 12, 1901.

*R. L. Anderson,* for plaintiff. *Moore & Daly,* contra.

SIMMONS, C. J. In 1889 Abraham Bryant filed with the ordinary of Bibb county a schedule of personal property and one acre of land situated in the East Macon district of that county. This schedule, under the Civil Code, §§ 2866 et seq., was recorded by the ordinary. In the year 1897 Bryant applied for and obtained a loan from the Piedmont National Building and Loan Association. To secure this loan he gave a security deed to the land embraced in the schedule of exempted property. He failed to pay the debt at maturity, and the company sued the claim to judgment and had the execution levied upon the land. Bryant as head of the family filed a claim to the land, on the ground that it had been set apart and was not subject to levy and sale. On the trial of the claim Bryant, over objection of the plaintiff in fi. fa., introduced in evidence the schedule which had been recorded by the ordinary. The plaintiff in fi. fa. introduced evidence to show that the land was sit-

27

uated in a suburb of the city of Macon, that at the time it was set apart there were two houses upon it worth about $450, and that the land did not derive its chief value from its adaptation to agricultural purposes, being practically worthless as a farm and chiefly valuable for residence purposes.    The claimant testified that at the time he sought the exemption he had two dwelling-houses upon the land and that another was in course of erection.    Another witness testified that at that time the land was not cleared except in front of the houses, and was surrounded by woods.    On this state of facts the judge directed a verdict for the claimant.    The plaintiff moved for a new trial.    The motion was overruled, and plaintiff excepted.

1. One of the grounds of the motion complained of the admission in evidence of the schedule filed with the ordinary and recorded by him.    It was objected to because it failed to show on its face whether the land was situated in a town, village, or city, or in the country; that it did not show the value of the land or of the improvements thereon; that it did not show that the land derived its chief value from its adaptation to agricultural purposes; and that it was not accompanied by a plat by the county surveyor.    It was contended that the exemption was not valid unless the schedule showed these things.    We agree with the court below that none of these objections was sufficient to render the paper inadmissible in evidence.    The mode of exempting property under the Civil Code, § 2866, is very informal.    No application is made to the ordinary as a court.    All that is required is that the applicant file his schedule with the ordinary, and that the latter record it, not as a judgment, but simply as a ministerial act.    When that is done, the law declares the property exempt from levy and sale.    The schedule so filed and recorded becomes a muniment of title to the head of the family, and, although it may be ambiguous and may not sufficiently show that the property is such as can be exempted, it is still admissible in evidence.    A deed may be defective in the description of the land conveyed, and yet be admissible if the description can be aided by parol testimony so as to identify the land conveyed. While it would be much better practice to make the schedule of property sought to be exempted show the situation of the property, its value, and the value of the improvements, and that it is otherwise within the exemption allowed, this is not essential to its ad-

missibility in evidence.    If the exemption be attacked, parol evidence is admissible on these subjects.

2. If the land is situated in the country and contains a smaller number of acres than is allowed by law to be set apart, there is no necessity for a survey and plat.    Where the applicant owns more than that quantity and seeks to exempt but a portion of the whole, then there should be a survey and plat.    *Connally* v. *Hardwick*, 61 *Ga.* 501.

3. While the recorded schedule was admissible in evidence, this did not prevent a creditor from attacking it as invalid.    A creditor may attack such an exemption at any time on the ground that it is invalid.    If the exemption has not been properly made, it does not prevent creditors from levying upon the property.    For instance, if Bryant at the time of the application had owned more land than the law allowed him to exempt, and he had failed to have it surveyed and a plat attached to the schedule, the exemption would be invalid, and creditors could levy upon the land and have it sold.    *Branch* v. *Ford*, 99 *Ga.* 761.    Nor is it necessary that one should have been a creditor at the time the exemption was sought to be made, in order that he may attack the exemption.    If the exemption was not properly made, the property is still subject to levy and sale by creditors.    The attack can not be confined to those who were creditors at the time the exemption was applied for; because, if the application did not result in a legal exemption, there is no exemption, and the property may be levied upon by any judgment creditor.    The exemption would be void for all purposes and as against everybody.

4. While, as before remarked, the setting apart of this exemption is exceedingly informal, the law still imposes certain terms and conditions under which only can the exemption be obtained.    The existence of the necessary facts and incidents need not affirmatively appear on the face of the schedule filed, but it is none the less essential that they should actually exist.    One of these is that the head of the family can exempt land not in a city, town, or village only when the improvements thereon do not exceed $200 in value.    Another is that such land can be set apart only where its chief value is derived from its adaptation to agricultural purposes.    If the applicant claims an exemption of land on which the improvements exceed $200 in value, this is contrary to law.    His act in having

the schedule recorded would be invalid and would not bind cred-
itors.    So if he attempt to set apart land which does not derive its
chief value from its adaptation to agricultural purposes and which
is not situated within a city, town, or village.    This law allows the
exemption of land not in a city, town, or village only when such
land derives its chief value from its adaptation to agricultural pur-
poses.    The word "provided" in the section of the code means
"upon condition," and the section means that the debtor may ex-
empt the prescribed quantity of land upon condition that it shall
be chiefly valuable for agricultural purposes.    See *Hill* v. *Commis-
sioners*, 22 *Ga.* 206.    The law is liberal to the applicant in regard
to the manner of obtaining the exemption.    It allows him to ex-
empt land by making out his own schedule and filing it with the
ordinary for record.    He is charged with notice of the terms of
the law.    If he seeks to exempt more than is allowed, or property
not within any of the classes allowed to be exempted, he does so at
his own risk.    Under the law he is himself judge of the matter,
for he does not apply to any court to make the exemption.    The
filing and recording of the schedule means that it becomes a judg-
ment in law which protects his property from levy and sale.    If he
tries to exempt property which, because not within the classes al-
lowed to be exempted, is beyond the jurisdiction of such a proceed-
ing, then the exemption is void and a nullity.    In the present case the
creditor introduced evidence tending to show that the real property
included in Bryant's schedule was not such as could be exempted
under this code section; and it was, therefore, error to direct a
verdict for the claimant.

*Judgment reversed.    All the Justices concurring, except Lewis,
J., absent.*