### 139.  HARRIS *v.* HILL & BRIDGES.

In order to be superior to the title of a bona fide purchaser without actual notice, a statutory or short homestead under the Civil Code, § 2866, must contain a description of the property sought to be exempted sufficiently definite to impart constructive notice.

Trover, from city court of Sylvester—Judge Park. April 9, 1906.

Submitted February 26,—Decided March 11, 1907.

*Passmore & Tison,* for plaintiff.  *J. H. Tipton,* for defendants.

POWELL, J. Though many questions appear in the record, one is controlling. The plaintiff brought suit against the defendants for the recovery of a described cow and calf, claiming the same by virtue of what is known as a "statutory" or "short" homestead. In the schedule offered in support of the plaintiff's title, there is listed "one cow and calf," no other description being given. In settlement of a pending litigation, the plaintiff had sold the cow and calf in dispute to another person, who in turn sold it to the defendants. The defendants bought without any notice whatever of the exempt character of the property, unless the record of the schedule containing the description above mentioned be regarded as sufficient for the giving of constructive notice. The court awarded the property to the defendants, and the plaintiff excepts.

The proceedings necessary to the setting apart of the statutory or short homestead, under the Civil Code, § 2866, are very simple and summary, and yet for the protection of those who may have occa-

sion to deal with the exempt property certain statutory requirements have been made. The debtor must prepare a schedule of the property he desires to be exempted, and must cause the same to be recorded. This schedule and record are necessary to put the public on notice, not only that an exemption has been claimed but also of the identity of the property which is thus to be withdrawn from the category of the debtor's ordinary belongings. The description appearing in the schedule, "one cow and calf," while not entirely void, and while capable of being amplified and made certain by amendment, is too vague and indefinite to be regarded as constructive notice of the exempt character of property answering to that general description, which has been bought by an innocent purchaser who had no other notice. That bona fide purchasers, without actual or constructive notice, are protected against the title of the beneficiaries of a homestead, see *Weaver* v. *Saffold,* 101 *Ga.* 150; *Willingham* v. *Slade,* 112 *Ga.* 418 (2); *Walden* v. *Brantley Co.,* 116 *Ga.* 298. *Judgment affirmed.*