### 4609. DARLINGTON *v.* BELT.

1. Under the provisions of the Civil Code, § 3404, where the statutory exemption provided for under § 3416 has been allowed the debtor, he can not thereafter apply for and have set apart a homestead under the provisions of § 3377 et seq., even though at the time of the last application the property previously set apart as an exemption had been consumed or disposed of. Nor would the second homestead be valid as a supplemental exemption, under the provisions of § 3415.

2. Averments of fact in a garnishee's answer must be taken as true, unless traversed. Conclusions of law are not to be so accepted. A statement in an answer of a garnishee, that he had been given notice by the defendant that the property described in the answer had been set apart to the defendant as a homestead, does not, even though untraversed, authorize or require a judgment either that the homestead had been granted to the defendant, or that, if so granted, it was valid and binding. Notwithstanding such an answer, a claim of exemption, filed by the defendant, puts in issue the validity of the homestead claimed to have been granted.

DECIDED MARCH 18, 1913.

Garnishment; from Jenkins superior court—Judge Rawlings. December 16, 1912. (Transferred from abolished city court of Millen.)

*William Woodrum,* for plaintiff in error.

*W. V. Van Tyler, R. P. Jones,* contra.

POTTLE, J. Summons of garnishment was served upon Clifton. He answered that he had certain described property of the de-

fendant in his possession. The answer contained this further recital: "Deponent further says that he has been given written notice by defendant that all of the above-described money, property, and effects are not subject to the payment of the amount alleged to be due L. J. Belt by defendant, under and by virtue of the fact that said property, money and effects are the proceeds of a homestead set aside to defendant for the benefit of defendant and his family, under and by virtue of the constitution and laws of Georgia." There was no traverse to the answer, but the defendant filed a claim to the property described in the garnishee's answer, under a homestead which had been set apart to him on June 5, 1911, under the provisions of the Civil 'Code, § 3377 et seq. The issue thus made came on for trial, and the claimant introduced in evidence the record of a homestead which had been duly and regularly granted under the provisions of the Civil Code, § 3377 et seq., setting apart to him, as head of the family, the property described in the garnishee's answer. To this evidence the garnishing creditor replied by introducing an exemption which had been granted to the defendant on December 12, 1901, under the provisions of the Civil Code, § 3416. Counsel for both parties agreed that, in a previous trial of the case, the defendant had testified that he took out the "short" homestead in Burke county, Georgia, in 1901; "that he has consumed and disposed of all the property in such homestead," and that this testimony should be considered by the court in passing upon this case. The trial judge, to whom the case was submitted without the intervention of a jury, rendered a judgment finding the property subject to the garnishment. The defendant's motion for new trial was overruled, and he excepted.

1. Among other things, the garnishee answered, that the property described in the answer was owned by the defendant as a "share cropper," and the defendant's half of the property was still in the possession of the garnishee as his landlord. Under this state of facts, if the point had been made, the property could not have been subject to the garnishment, for the reason, as has been directly held by this court, that the interest of a cropper in the hands of his landlord can not be reached by garnishment. *Thompson* v. *Passmore*, 9 *Ga. App.* 771 (72 S. E. 185). But this point was not raised in the court below, and there is no assignment of error under which it can be properly raised in the reviewing court. The

trial judge based his judgment upon the ground that the homestead allowed in 1911 was void by reason of the granting of the prior exemption in 1901.

The statute allows a debtor to take either the constitutional or "long" homestead, or the statutory or "short" homestead, but expressly prohibits the taking of both. The statutory homestead is provided for in the Civil Code, §. 3416, and the constitutional homestead in § 3377 et seq. Section 3404 provides: "Nothing contained in this Article shall be construed to prevent any debtor, who does not wish to avail himself of the benefits of this Article, from claiming the exemptions allowed by section 3416. But no person who shall be allowed the exemptions under said section shall take any benefit under this Article. Nor shall any person who shall be allowed the exemptions under the law contained in this Article be allowed the exemptions under said section 3416, unless the homestead and exempted property so elected is lost by virtue of a sale under an outstanding claim, in which event such election shall not bar an application for a homestead and exemption not liable to such outstanding claim." The language of this statute is mandatory. No person who has been allowed the exemption under section 3416 shall be allowed the benefit of the constitutional homestead provided for in section 3377 et seq. Nor can any person who has been allowed the constitutional homestead take the exemption provided for in section 3416, unless the property exempted is lost by virtue of a sale under a process superior to the homestead. Doubtless this exception in the statute would apply without regard to which homestead is taken first, but it is the only exception in the statute. The decisions of the Supreme Court holding that where the homestead first taken is void for any reason, the other may be applied for, do not conflict with what is now ruled, because in those cases no homestead was ever in fact allowed before the second application was made. A void homestead is no homestead. Nor does the decision in *Hawks* v. *Hawks*, 64 *Ga.* 241, conflict with anything now ruled. That was a case where the property set apart under the constitutional homestead was subject to be sold under a purchase-money claim. The court held that in such a case the debtor had the right to abandon his constitutional homestead and take the statutory exemption. The homestead being set apart to the applicant for the benefit of the family then in existence, if that

family ceases to exist as beneficiaries of the homestead, by the death of the wife and the arrival of the children at majority, and the husband remarries, he becomes the head of another family, and can take another homestead for their benefit. *Shore* v. *Gastley, 75 Ga.* 813. There is no analogy, however, between that case and a case where an exemption has been allowed and the property consumed and disposed of, and a new homestead applied for while the beneficiaries of the first homestead are still in life. In such a case the homestead is still in existence; it has never been terminated, even though the property may have been disposed of or destroyed. The purpose of the homestead is to allow to the beneficiaries the use of the homestead property in maintaining themselves, and if they consume the property, the homestead has accomplished its purpose. But this does not permit the taking of a new homestead. By complying with the provisions of section 3415, the exemption previously allowed may be supplemented by the addition of other property, not exceeding the whole amount allowed in the particular kind of homestead which has already been applied for; but where the statutory exemption has been allowed, a new application for a homestead provided for in section 3377 et seq. can not be treated as an application to supplement the exemption already granted.

2. The facts set forth in the answer of the garnishee are to be taken as true, unless traversed. Civil Code, § 5283. But an allegation in a garnishee's answer which on its face is based on mere hearsay is not to be taken as an averment of fact, even though untraversed. Hearsay has no more probative value in a garnishee's answer than it has in any other proceeding. The averment in a garnishee's answer, that he had been given notice by the defendant that the property described in the answer had been set apart as a homestead to the defendant, amounts to nothing. It may be taken as true that the garnishee had been given such notice, but it does not follow that the defendant's claim of exemption was well founded. *Judgment affirmed.*