## KENDALL *et al.* v. PARKER *et al.*

FISH, C. J. 1. A debtor seeking to take the benefit of the exemption commonly called the statutory or short homestead "shall make out a schedule of the property claimed to be exempt, and return the same to the ordinary of the county." Civil Code (1910), §§ 3416, 3417. A schedule of property so returned to the ordinary must be of particular property falling within the classes specified in the statute. A schedule which purports to be an exemption, wherein no effort is made to specify any particular property as exempt, but setting forth an exact copy of the entire statute contained in the Civil Code, § 3416, embracing all the various classes of property which may be included in a schedule as exempt from levy and sale, is void.

2. Such void schedule may be disregarded by an officer, and the property therein set forth be levied on. *Piedmont B. & L. Asso.* v. *Bryant,* 115 *Ga.* 417 (41 S. E. 661) ; *Marcrum* v. *Washington,* 109 *Ga.* 296 (34 S. E. 585).

3. Under the foregoing rulings, the court did not err in sustaining a general demurrer to a petition seeking to recover damages against a levying officer and the sureties on his bond, for levying on and selling personalty of the character which could be claimed under a proper schedule as exempt under section 3416 of the Civil Code.

4. If the amendment to the petition, alleging that the schedule had been signed by the head of the family, and setting forth a certified copy of the schedule as it appeared of record in the ordinary's office, had been allowed, the petition would not then have set forth a cause of action.

*Judgment affirmed. All the Justices concur.*
DECEMBER 13, 1916.

Action on bond. Before Judge Bell. Fulton superior court. October 12, 1915.

*J. A. B. & Claud Mahaffey* and *Alex. W. Stephens,* for plaintiffs. *Gober & Jackson* and *W. I. Heyward,* for defendants.