## BYRD *v.* OLMSTEAD.

1. A homestead under the Civil Code, § 3416, describing the exempted land as the lands of the applicant and as lying and being in the county of Liberty, State of Georgia, naming the persons whose lands constitute the boundaries on the north, east, south, and west sides of the exempted land, and the acreage within the boundaries, is sufficiently definite, in point of description, to impart constructive notice, although the schedule fails to show the district in which the land is situated.

2. Where a homestead describes the exempted land by naming the persons whose lands constitute the respective boundaries of the exempted tract, evidence that the ownership of the adjoining tracts has changed since the setting apart of the homestead is relevant, and does not vary or contradict the terms of the homestead.

No. 1875. ˙ JANUARY 13, 1921.

Complaint for land.  Before Judge Sheppard.  Liberty superior court.  December 12, 1919.

*B. A. Way* and *Darsey & Mills,* for plaintiff in error.

*S. B. Brewton,* contra.

GEORGE, J.  This was an action for land by O. J. Olmstead against Sam and Rena Byrd.  The declaration described the land as " all that certain tract or parcel of land situate, lying, and being in the 17th district G. M., of Liberty county, Georgia, and bounded as follows: on the north by lands of Irene Thomas, east

by the lands of O. J. Olmstead, south by lands of Clara Collins, and on the west by lands of Perry Moore, and being the same lands upon which the said Sam Byrd and Rena Byrd now reside, and containing fifteen acres." In their answer the defendants claimed title to the land by virtue of a homestead set apart to Sam Byrd as the head of a family consisting of himself and Rena Byrd, in the year 1894. The jury returned a verdict for the plaintiff. The defendants made a motion for a new trial, which was overruled, and they excepted.

Upon the trial of the case it appeared that E. C. Miller had obtained a judgment in a justice's court against Sam Byrd for the principal sum of twenty-five dollars, and that he had also obtained a judgment in the same court against Sam and Rena Byrd for the principal sum of forty-five dollars. Fi. fas. were levied upon the land, and the plaintiff in this action purchased the same at sheriff's sale. The deed from the sheriff to the plaintiff, which was introduced in evidence, conveyed the land as described in the declaration. The defendants offered in evidence a schedule of real and personal property belonging to Sam Byrd, the head of a family consisting of himself and his wife, Rena Byrd, and claimed to be exempt from levy and sale under section 2040 of the Code of 1882 (Civil Code of 1910, § 3416). The schedule described the property as the lands of applicant and as being in the county of Liberty, State of Georgia; "one tract containing thirty-five acres, and bounded north by lands of Mrs. Stewart, east by lands of Mary McNeil, south by lands of Lizzie Floyd, and west by lands of Ben Carter; the other tract containing six acres, and bounded north by lands of Lucy Moody, east and south by lands of George Frazer, and west by lands of Julian Whitley." Rena Byrd testified that she and her husband, Sam Byrd, had lived on the land described in the schedule for twenty-five years or more, and that the land sold by the sheriff and described in the sheriff's deed to the plaintiff is the same land (or a part of it) embraced in the homestead, and that the ownership of lands adjoining the homestead tract had changed since the homestead was set apart. Upon motion the court excluded the evidence of Rena Byrd, indicated above, and the schedule describing the property claimed to be exempt. The homestead was excluded upon the ground that it did not contain a description of the property sought to be

exempted, sufficiently definite to impart constructive notice to the plaintiff, who claimed to have purchased the land without actual notice.   See *Harris* v. *Hill,* 1 *Ga. App.* 425 (58 S. E. 124), and cases cited.   The oral testimony of Rena Byrd was excluded upon the ground that the same was irrelevant and tended to vary the terms of a written instrument.   Both the homestead and the evidence of Rena Byrd were admissible.   The schedule described the property as being in Liberty county, Georgia.   The acreage is definite, and the several boundaries are specifically indicated. The description contained in the homestead does not name the district in which the land is situated, but this omission is not fatal.   The homestead, in our opinion, contains a description of the property sought to be exempted, sufficiently definite to impart constructive notice to the plaintiff.   The evidence of Rena Byrd, tending to show that the ownership of adjoining tracts had changed since the setting apart of the homestead in 1894, was not irrelevant; nor did it vary or contradict the terms of the written instrument.   It follows that the court erred in overruling the defendant's motion for a new trial, complaining of the foregoing rulings.             *Judgment reversed.   All the Justices concur.*