### 18548.  CLARK *v.* PRINCE.

JENKINS, P. J.  1. The bill of exceptions contains a sufficient assignment of error upon the order of the court overruling the claimant's motion for a new trial.  Accordingly, the motion to dismiss the writ of error is denied.

2  In the ground of the motion for a new trial which complains of the court's rejection of the homestead schedule of the claimant the alleged error is set forth sufficiently to present that question for determination,

since it is stated therein the evidence was offered by the claimant and illegally withheld from the jury, and there is attached to the ground, as an exhibit, a copy of the tendered schedule. *Morgan County Bank* v. *Poullain*, 157 *Ga.* 423 (4) (121 S. E. 813, 33 A. L. R. 592).

3. The schedule and record of what is known as a "pony" homestead are necessary to put the public on notice not only that an exemption has been claimed out of the class of property authorized by the statute, but also to identify the particular property set apart from such particular class. *Harris* v. *Hull*, 1 *Ga. App.* 425 (58 S. E. 124); *Arnold* v. *Faulk*, 19 *Ga. App.* 797 (92 S. E. 294); *Collins* v. *Bank of Cobbtown*, 31 *Ga. App.* 570 (121 S. E. 516). A schedule of property which purports to be an exemption, but which makes no effort to specify any particular property as exempt, and merely sets forth .the classes of property from which an exemption is authorized by the statute, is void. *Kendall* v. *Parker*, 146 *Ga.* 260 (91 S. E. 31). In the instant case the schedule does not purport merely to enumerate the classes of property authorized for exemption by the statute, but undertakes to identify and itemize particular pieces of property falling within such classes. In addition to enumerating in detail the various articles of household effects claimed for exemption, it is apparent from the schedule that the articles listed constitute the household property of the applicant as the head of the house. Such an itemized schedule was not void, but, upon being aided by parol proof that it constituted the household effects possessed and used by the applicant as head of the family at a named domicile, was sufficient to identify the particular property set apart as the homestead. Accordingly, the court erred in rejecting the proffered homestead schedule.

4. Under the foregoing rulings, the claimant's motion for a new trial should have been sustained; and it is not necessary to determine whether the assignment of error upon the action of the trial judge in directing a verdict is sufficient.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED JULY 13, 1928.

*G. C. Bidgood, J. E. Burch,* for plaintiff in error.
*E. L. Stephens, T. E. Hightower,* contra.