19435.  BARFIELD *v.* REYNOLDS BANKING COMPANY.

STEPHENS, J.  1. The description, in a schedule of personal property filed by a debtor as exempt from levy and sale by virtue of the homestead and exemption laws as provided in section 3417 of the Civil Code of 1910, which reads "one mule value $50," is insufficient to constitute constructive notice that a mule upon which a person afterwards acquired a mortgage was the mule described in the schedule. *Harris* v. *Hill,* 1 *Ga. App.* 425 (58 S. E. 124) ; *Arnold* v. *Faulk,* 19 *Ga. App.* 797 (92 S. E. 294). See also, in this connection, *Kendall* v. *Parker,* 146 *Ga.* 260 (91 S. E. 31). This ruling is not in conflict with that of the Supreme Court in *McNair* v. *Fortner,* 149 *Ga.* 654 (101 S. E. 772), where the description of the property scheduled as exempt was such as to render the property capable of identification, and it was held that the description was sufficiently specific to constitute constructive notice.

2. It being conclusive from the evidence that the plaintiff in fi. fa., who was the mortgagee, had neither actual nor constructive notice of the exemption from levy and sale of the mule levied upon, a verdict was properly directed against the claimant as head of a family, claiming the property levied upon as being exempt from levy and sale.

*Judgment affirmed.  Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 24, 1929.

*C. W. Foy,* for plaintiff in error.  *Homer Beeland,* contra.