31491.  WORLEY *v.* ARNOLD.

DECIDED FEBRUARY 15, 1947.

*James W. Arnold,* for plaintiff.  *Quillian & Frost,* for defendant.

PARKER, J.  On October 16, 1944, D. A. Worley, the head of a family, made out a schedule of property claimed to be exempt as a

statutory or short homestead under the Code, §§ 51-1301, 51-1401. Only personal property was included in this schedule, and it was described as "one mule; one cow and calf; two head of hogs and fifty dollars worth of provisions, to wit, about 50 bu. of corn; 25 bu. of wheat, 700 to 800 bundles of fodder; one ton of oat hay; wagon and other farm implements." The ordinary certified the schedule and it was duly recorded in his office as property exempt from levy and sale in terms of law.

About September 1, 1945, John W. Arnold, a judgment creditor of D. A. Worley, caused a levy to be made upon the wagon included in the schedule of homestead property. Thereupon Worley filed a petition with the ordinary for a constitutional homestead under the provisions of the Code, § 51-101, and cognate sections. Upon the hearing set by the ordinary, Arnold appeared as a creditor and objected to the allowance of the constitutional homestead on the ground that a statutory homestead, embracing a part of the same property included in the schedule in the petition for the constitutional homestead, had been set apart to the applicant on October 16, 1944, and that the applicant could not have the benefit of both a constitutional homestead and a statutory homestead; and having already obtained a statutory homestead, the applicant was barred from the benefits of the constitutional homestead.

The ordinary overruled these objections and held that the description of the property set forth in the statutory homestead was insufficient in law for the purpose of identifying the property, and that such homestead was void and of no effect; and thereupon passed an order approving the application and schedules for the constitutional homestead and ordered the same filed of record.

Arnold then presented a petition for certiorari to the superior court, complaining of the ruling of the ordinary. The certiorari was sanctioned and sustained, and a final judgment was rendered setting aside the judgment of the ordinary in approving the constitutional homestead. Worley excepts to the judgment of the superior court.

An applicant for a homestead is not authorized to take both the statutory and the constitutional homesteads. "The statute allows a debtor to take either the constitutional or 'long' homestead, or the statutory or 'short' homestead, but expressly prohibits the taking of both." *Darlington* v. *Belt*, 12 *Ga. App.* 522, 524 (77 S. E.

653) ; Code, § 51-906. If the statutory homestead Worley undertook to take on October 16, 1944, was valid, he could not thereafter take also the constitutional homestead; but if the former was invalid, he was entitled to the latter. The sole question raised as to the validity of the first homestead relates to the sufficiency of the description of the property contained in the schedule. The rule is that the description of the property in a statutory homestead must be sufficiently definite to identify the property and impart constructive notice of the property homesteaded. *Harris* v. *Hill,* 1 *Ga. App.* 425 (58 S. E. 124) ; *Darlington* v. *Belt,* supra. Under this rule it was held that the description of property in a schedule as "one cow and calf" was too vague and indefinite to be regarded as constructive notice of the exempt character of the property answering to that general description (*Harris* v. *Hill,* supra) ; and where the sole description of the homestead property was "one mule," it was not sufficient, in a contest between a mortgage and a homestead, where it did not appear that the mortgagee had actual notice that the mule described in the mortgage was the same mule referred to in the homestead. *Arnold* v. *Faulk,* 19 *Ga. App.* 797 (92 S. E. 294).

It has also been held that the description of property in a statutory homestead as "one farm horse or mule, one one-horse cart, common tools of trade for self, farm tools," was insufficient for the purpose of identification, and that the trial judge correctly directed a verdict for the plaintiff in fi. fa. in a claim case, where it was contended that the property levied on was exempt under a homestead. *Collins* v. *Bank of Cobbtown,* 31 *Ga. App.* 570 (121 S. E. 516). "A schedule of property which purports to be an exemption, but which makes no effort to specify any particular property as exempt, and merely sets forth the classes of property from which an exemption is authorized by the statute, is void." *Clark* v. *Prince,* 38 *Ga. App.* 412 (144 S. E. 40). A description in a schedule of personal property, filed by a debtor as exempt from levy and sale by virtue of the homestead and exemption laws, which reads "one mule, value $50," is insufficient to constitute constructive notice that a mule upon which a person afterwards acquired a mortgage was the mule described in the schedule. *Barfield* v. *Reynolds Banking Co.,* 40 *Ga. App.* 305 (149 S. E. 302). "A schedule which purports to be an exemption, wherein no effort is

made to specify any particular property as exempt, but setting forth an exact copy of the entire statute contained in the Civil Code, § 3416 [§ 51-1301], embracing all the various classes of property which may be included in a schedule as exempt from levy and sale, is void." *Kendall* v. *Parker,* 146 *Ga.* 260 (91 S. E. 31).

Under the foregoing authorities, it seems to us that the description of the personal property listed in the schedule in the statutory or short homestead was insufficient as a matter of law to identify the property claimed to be exempt and impart constructive notice to the world of the property intended to be homesteaded. Although Chief Justice Simmons, speaking for himself alone, expressed the view that a statutory homestead was amendable, in *Redding* v. *Lennon,* 112 *Ga.* 491 (37 S. E. 711), his statement was clearly obiter. In the latter case of *Stinson* v. *Hirsch,* 125 *Ga.* 149 (53 S. E. 1011), the Supreme Court, in a unanimous decision, held in these words, that such a homestead was not amendable: "There is no provision of law for amending a claim of exemption asserted by filing a schedule of property subject to exemption under the terms of the Civil Code, section 2866 [now § 51-1301] et seq., authorizing the setting apart of what is commonly known as a 'short' or 'pony' homestead." We therefore think that the applicant was entitled to the constitutional homestead because of the invalidity of the statutory homestead, and that he had a right to treat the first homestead as void and to prevail in an application for the constitutional homestead. It follows that the judgment of the ordinary granting the constitutional homestead was proper, and that the superior court erred in setting it aside on certiorari, as complained of in the bill of exceptions.

This case was considered and decided by the whole court, as required by the act approved March 8, 1945 (Ga. L. 1945, p. 232), there being a dissent in the division to which the case was originally assigned.

*Judgment reversed. Broyles, C. J., Sutton, P. J., MacIntyre and Gardner, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. I do not think that the entire schedule in the statutory homestead is void because some of the property included is not described with particularity. I doubt whether a failure to sufficiently describe property is a good objection to a schedule where a bona fide purchaser without notice, or one stand-

ing in a like position, is not involved. I even doubt whether a bona fide purchaser could object in view of the intimations on the subject by the Supreme Court. In *Redding* v. *Lennon,* 112 *Ga.* 491 (supra), Judge Simmons, speaking not for the court but for himself alone, stated: "If the applicant fails to describe the property with sufficient certainty to identify it, I see no reason why he can not be allowed to amend his schedule by giving a description which is sufficiently accurate and definite to identify the property. Under the decisions of this court, these exemption laws must be construed liberally in favor of the applicant. It would be a great hardship upon the family of a claimant if they were to be turned out of house and home because the original schedule, through ignorance or mistake of the person making it, failed to describe . the land definitely and exactly. The original description was, in the present case, sufficient to put creditors upon notice that a tract of land, containing about one half of an acre, in the city of Waycross, the property of the head of the family, was claimed to be exempt. . . I think further that, if no amendment had been allowed by the ordinary, and the claimant had introduced a copy of the original schedule and showed that the land levied on was the land intended to be listed in the schedule, this would have been sufficient." This statement was referred to in *Seeland* v. *Denton Realty Corp.,* 148 *Ga.* 628 (97 S. E. 681). In *Kendall* v. *Parker,* 146 *Ga.* 260 (supra), it was held: "A schedule which purports to be an exemption, wherein no effort is made to specify any particu- lar property as exempt, but setting forth an exact copy of the entire statute contained in the Civil Code, § 3416, embracing all the various classes of property which may be included in a schedule as exempt from levy and sale, is void." While the schedule in the instant case set forth the first three items in the language of the statute, the fourth item did not. It is as follows: "Fourth. Two head of hogs and fifty dollars' worth of provisions, to wit, About 50 bushels of corn, 25 bushels of wheat, 700 to 800 bundles of fodder, one ton of oat hay, wagon and other farm implements." No other items beyond the fourth was included. I think that the corn, wheat, fodder, and hay at least were sufficiently described, and I do not think that the case comes within the rule that the whole schedule is void because there was no effort to exempt any particular property. The whole schedule was not void. Further-

more, the other cases cited involved bona fide purchasers without notice, and there is no such question involved in this case. While the decision in this case is in favor of the homesteader, it is in my opinion contrary to the spirit of the homestead and exemption laws and against public policy. The law seeks to protect the poor, even from themselves, and every reasonable effort should be made to protect the homestead property of the poor and their families. The statutory homestead was valid as to the items sufficiently described and amendable as to those not sufficiently described, and therefore it could not be abandoned in favor of a constitutional homestead. All that the case of *Stinson* v. *Hirsch,* supra, holds with reference to amending a "short" or "pony" homestead is that one that is absolutely void may not be amended. We do not have such a case here.